VIOLETA MENDEZ *vs.* TRUSTEES OF BOSTON UNIVERSITY & others.

Suffolk. May 4, 1972. — July 18, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Contract,* Of employment, Teacher's contract, Performance and breach, Termination.

The wilful, unexplained absence of a nursing instructor from a university until after the week of faculty discussion which began the academic year for which she was engaged, coupled with her failure to inform the university of her intended absence or her whereabouts, warranted conclusions that her conduct was a serious and substantial breach of her employment contract, that she had abandoned it, and that the university was justified in terminating it before she began service; the grievance procedure set forth in the Faculty Manual constituting part of the employment contract was inapplicable. [355–357]

BILL IN EQUITY filed in the Superior Court on March 11, 1971.

The suit was heard by *Kalus,* J.

*Alan I. Silberberg* (*Robert S. Cohen* with him) for the plaintiff.

*Carl H. Amon, Jr.,* for the defendants.

BRAUCHER, J. This is a bill in equity for declaratory and other relief. The plaintiff was employed by the defendants as a nursing instructor for the academic year beginning September 1, 1970, and was dismissed when she failed to appear until September 10, 1970. The trial judge made findings, rulings, and order for decree, and the plaintiff appeals from the final decree. The evidence is reported. We summarize the judge's findings.

The plaintiff was employed under term contracts for three academic years from 1967 to 1970. At a faculty meeting on May 15, 1970, she was advised that she was required to report to the university on September 1, 1970. On June 2, 1970, she was engaged for the academic year beginning September 1, 1970. As she well knew, it was essential for her to attend faculty discussion during the week of September 1, 1970, regarding changes in methodology. She chose not to attend, and wilfully and intentionally absented herself until September 10, 1970. Her absence was not due to illness, sudden emergency, or conditions beyond her control. She did not inform the university about her absence or her whereabouts. The defendants tried to locate her by mail, telephone, and visit to her last known address, but she had moved without notifying the university. On September 9, 1970, the dean of the nursing school caused written notice to be sent to her that her contract was at an end because of her failure to appear.

The judge ruled that the plaintiff's conduct was a serious and substantial breach of her contract and an abandonment of the services required of her and justified the university in terminating the contract. He also ruled that she was not entitled to an "administrative grievance review" under the university's "Faculty Manual." The final decree declared that she had abandoned her contract, that the university properly terminated it, that she

was not a member of the faculty for the academic year beginning September 1, 1970, that she had no right to any administrative grievance review or to restoration to any position on the faculty, and that the individual defendants, officers of the university, had no liability to her.

The plaintiff argues that the Faculty Manual was part of her contract and that the judge erroneously denied her rights granted her thereby. She also argues that her breach was not so substantial as to justify termination of the contract, and that her duties could not be increased by what she learned before the contract was made. She does not assert that she demanded administrative grievance review before she began this suit in March, 1971.

1. The written contract of the parties is a one page printed "Faculty Appointment Form" which obviously does not spell out the details of their agreement, and the defendants conceded at the argument that the "Faculty Manual" was part of the contract. Compare *Rhine* v. *International Young Men's Christian Assn. College*, 339 Mass. 610, 611; *Hillis* v. *Meister*, 82 N. M. 474, 475–477, and cases cited. The portion of the Faculty Manual attached to the plaintiff's bill provides, "When term contracts are to be broken for cause (incompetence, gross insubordination; immorality; conduct clearly inimical to the best interests of the University), at least thirty days must be allowed between the time of serving due notice, with written charges, and the termination date. If desired by the faculty member, a fair hearing before a committee constituted according to the rules of the American Association of University Professors shall be granted." A revised September, 1970, version introduced in evidence provides, "When termination of services of . . . a person holding a term appointment is predicated upon gross neglect of duties or on immorality or other applicable cause, the faculty member may be suspended immediately if harm to himself or others is threatened by his continuance." The revised manual provides for sixty days notice of termination. Suspension is to be with pay.

After preliminary proceedings, including formulation of "a detailed statement of the grounds for the proposed dismissal," "formal proceedings" begin with a letter transmitting a copy of the statement and informing the faculty member that he may request a hearing.

It is clear that the grievance review procedure of the Faculty Manual was not followed. The defendants argue, as the judge ruled, that the plaintiff had no right to grievance review because she had abandoned the contract and it had been justifiably terminated by the university. They also argue that on a fair reading of the manual it does not apply to a situation where services under the contract have not begun, where no notice of the intended absence has been given, and where the teacher has rendered herself incapable of performing the contract as agreed. No claim is made that the plaintiff waived any right to grievance review by her delay in demanding it. Compare *Hilti, Inc.* v. *Oldach*, 392 F. 2d 368, 370–371 (1st Cir.) ; *Dickstein* v. *du Pont*, 443 F. 2d 783, 785 (1st Cir.) ; annotation, 25 A. L. R. 3d 1171. But the defendants do argue that her delay tends to confirm their reading of the manual.

The termination of a contract, whether by rescission according to its terms, by abandonment, by termination for justifiable cause, or otherwise, does not necessarily terminate a provision for arbitration or other agreed procedure for the resolution of disputes. Such a provision should be construed as broadly as the parties intended. *Glenn Acres, Inc.* v. *Cliffwood Corp.* 353 Mass. 150, 154, and cases cited. See *Employers' Liab. Assur. Corp. Ltd.* v. *Traynor*, 354 Mass. 763; *Sheahan* v. *School Comm. of Worcester*, 359 Mass. 702, 706–707; *County of Middlesex* v. *Gevyn Constr. Corp.* 450 F. 2d 53, 55–56 (1st Cir.) ; annotation, 32 A. L. R. 3d 377. If the plaintiff had notified the university that she could not be present for the faculty discussion and had promptly asserted a right to grievance review, a finding of justifiable termination might not suffice to render the grievance procedure inapplicable. Compare *School Dist. No. 1,*

*Jefferson County* v. *Parker,* 82 Colo. 385, 390–391. But in view of her absence, still unexplained after trial, coupled with her failure to communicate with the university or to provide for the receipt of communications from the university, we cannot say the judge's finding of abandonment was plainly wrong. Compare *Hobbs* v. *Columbia Falls Brick Co.* 157 Mass. 109, 111–112; *Hahn* v. *School Dist. No. 4, Routt County,* 125 Colo. 563, 570; *Jacobs* v. *Wilkes-Barre Township Sch. Dist.* 355 Pa. 449, 453–454. On a fair reading the manual does not require grievance review where a faculty member resigns his position. We think it equally inapplicable in the circumstances of this case, at least where no services had been rendered under the contract.

2. The applicability of the provisions for grievance review is a fairly arguable issue. If, as we hold, the grievance procedure is inapplicable, the remaining issues are insubstantial. The plaintiff's contention that she need not listen to instructions given her before her contract was renewed is frivolous. The judge's findings that her breach was both wilful and serious are not plainly wrong.

*Decree affirmed with costs of appeal.*