CARL C. DECKER & another[1] *vs.* WORCESTER JUNIOR COLLEGE. October 31, 1975. The plaintiffs were reappointed in March, 1972, to the faculty of the defendant college (college) for the academic year 1972-1973. Each had received and countersigned annual letters of reappointment in prior years. Allegedly because of the college's financial problems, neither was reappointed similarly for the 1973-1974 academic year. They brought a bill for declaratory relief, seeking a determination that in effect they had been reappointed for another academic year because they had not received a lawfully effective notice of the termination of their appointments pursuant to an alleged policy and practice of the college. On ample evidence the judge found that the plaintiffs were not hired for the 1973-1974 academic year, and that, although they received no formal notice that they were not to be reappointed, the defendants "knew and understood they were not to be rehired and their contract was but for one year." He ordered that a decree be entered dismissing the bill. The plaintiffs appealed from such a decree, and we transferred the case to this court. The plaintiffs argue that the college had adopted a policy concern-

[1] Linda A. Wagner.

ing faculty reappointments which requires formal notification on or about the first of March of each year that a faculty member was not to be reappointed and that, in the absence of such a notice, reappointment was automatic. If a college adopted such a formal procedure and communicated it to its faculty, the college could be bound to the terms of that procedure. *Greene* v. *Howard Univ.*, 412 F.2d 1128, 1133-1135 (D.C. Cir. 1969). *Hillis* v. *Meister*, 82 N.M. 474 (Ct. App. 1971). See *Mendez* v. *Trustees of Boston Univ.*, 362 Mass. 353, 355 (1972); *Rhine* v. *International Young Men's Christian Ass'n College*, 339 Mass. 610 (1959). Here, however, the record shows no such commitment by the college. The executive committee of the college's board of directors adopted "a policy of seeking to establish probable enrollment for each coming year in sufficient time to permit decisions to be made on faculty needs, and to allow faculty contracts to be extended on or about March 1st annually." This policy does not contain a commitment to the plaintiffs or an assurance of reappointment in the absence of notice to the contrary. Therefore, the plaintiffs were not entitled to a declaratory judgment in their favor. However, the bill for declaratory relief should not have been dismissed. See *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare*, 368 Mass. 15, 31-32 (1975). The decree dismissing the bill should be reversed and a judgment declaring that the plaintiffs were not employed by the college for the 1973-1974 academic year should now be entered.

*So ordered.*

*Mel L. Greenberg* for the plaintiffs.
*David P. Grossi* for the defendant.