**R.P.T. OF ASPEN, INC. d/b/a Radio Paging of Aspen, Inc. and B.T. of Aspen, Inc. d/b/a Radio Paging Rental, Inc., Plaintiffs–Appellees,**

v.

**INNOVATIVE COMMUNICATIONS, INC. d/b/a Fones West, Defendant–Appellant.**

No. 94CA1582.

Colorado Court of Appeals, Div. IV.

April 4, 1996.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo.Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

McFlynn Pickett Doremus & Whitsitt, P.C., Timothy McFlynn, Aspen, for Plaintiffs–Appellees.

Laurence J. Rich, James N. Sigman, Englewood, for Defendant–Appellant.

Opinion by Judge KAPELKE.

In this contract dispute, defendant, Innovative Communications, Inc., d/b/a Fones West (Fones West), appeals from the judgment of the trial court confirming the amended award of the arbitrator in favor of plaintiff, R.P.T of Aspen, Inc., d/b/a Radio Paging of Aspen (RPT). We reverse and remand with directions.

In August of 1990, Fones West and RPT, both of whom are in the radio paging and mobile phone business, entered into a contract for joint marketing, sales, service, and the exchange of equipment and support (the Contract). The Contract, as modified in February 1993, contained a dispute resolution clause that provided, in pertinent part:

> Any dispute which arises under this Agreement shall be governed by Colorado law and shall be resolved pursuant to this paragraph.... The parties hereby agree to binding arbitration under the rules of the American Arbitration Association which may be initiated by either party, and the substantially prevailing party in said arbitration shall be entitled to recover costs and attorney's fees in addition to all other relief awarded, and the award shall be enforceable as a judgment in any court of competent jurisdiction.

In June 1993, Fones West sent a letter to RPT purporting to terminate the Contract. In response, RPT made a demand for arbitration.

Following a five-day evidentiary hearing, the arbitrator issued an award providing for specific performance of the Contract by Fones West and requiring Fones West to deposit all receipts in a joint account and to furnish RPT with timely periodic summaries of billings and deposits. In addition, the award provided that if Fones West failed to comply with the award it would have to pay RPT damages in the amount of $400,000.

Fones West filed a motion to vacate the arbitrator's award. The trial court denied the motion and entered a judgment confirming the award. The court also provided for an award of attorney fees and costs to RPT upon submission of a motion and affidavit. RPT filed such a motion and affidavit, but not within the time set by the court. The court did not enter any further orders regarding attorney fees.

## I.

Fones West first contends that the trial court erred in confirming the award of the arbitrator because, as a result of Fones West's having previously terminated the Contract, there was no longer an arbitration agreement. We disagree.

■ Generally, arbitration clauses are considered severable from the contracts in which they are contained. *Prima Paint Corp. v. Flood & Conklin,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). Thus, absent a clear intent to the contrary, the duty to arbitrate survives a termination of the contract.

■ A purported termination of the underlying agreement does not invalidate the arbitration clause itself. Under a broad arbitration clause, issues relating to the purported termination of the parties' substantive obligations involve matters subsequent to contracting and are therefore to be determined by the arbitrator. *Jackson Mills, Inc. v. BT Capital Corp.,* 312 S.C. 400, 440 S.E.2d 877 (1994). *See also Mendez v. Trustees of Boston University,* 362 Mass. 353, 285 N.E.2d 446 (1972); *see* M. Domke, *Commercial Arbitration* 8.01 (1995).

■ Thus, under the broad language of the arbitration provision here, the parties had a duty to arbitrate all disputes regarding the Contract, and the arbitrator could determine the issues relating to the purported termination.

We therefore conclude that the trial court properly denied Fones West's motion to vacate on these grounds.

## II.

Fones West next contends that there was no agreement to arbitrate because the Contract violated Colorado antitrust laws and was therefore void. We agree that a remand is necessary as to this issue.

The court must determine whether there exists a valid agreement to arbitrate between the parties. *Eychner v. Van Vleet,* 870 P.2d 486 (Colo.App.1993); § 13–22–214(1)(a)(V) C.R.S. (1987 Repl.Vol. 6A). *See also* § 13–22–204(2), C.R.S. (1987 Repl.Vol. 6A) (on application, court may stay an arbitration proceeding on a showing that there is no agreement to arbitrate).

■ Although, as discussed above, an arbitration clause is generally treated as severable from the underlying contract with respect to the determination of questions of arbitrability, *see Prima Paint Corp. v. Flood & Conklin, supra,* if a party asserts that the entire contract is *illegal,* the court must determine this threshold issue. *See Moncharsh v. Heily & Blase,* 3 Cal.4th 1, 10 Cal.Rptr.2d 183, 832 P.2d 899 (1992).

■ Contracts in violation of statutory prohibitions are void, and issues arising under such contracts are therefore not arbitrable. *See* M. Domke, *Commercial Arbitration* § 8.06 (1995).

Here, Fones West asserts that its contract with RPT violated the Colorado Antitrust Act of 1992, § 6–4–101, et seq., C.R.S. (1992 Repl.Vol. 2) (the Act). Section 6–4–104, C.R.S. (1992 Repl.Vol. 2) of the Act provides that: "Every contract, combination in the form of a trust or otherwise, or conspiracy in restraint of trade or commerce is illegal," and, under § 6–4–121, C.R.S. (1992 Repl.Vol. 2), any contract made by any person in violation of the Act "shall be void, and no recovery thereon or benefit therefrom shall be had by or for any such person."

Thus, if, as Fones West contends, the parties' contract is found to be in violation of the Act, the Contract itself would be void and issues relating to it would be non-arbitrable.

■ In seeking to vacate the arbitration award in the trial court, Fones West asserted that the Contract was illegal. In response,

RPT took the position—which is legally incorrect—that the legality of the Contract under antitrust law was an issue to be determined by the arbitrator instead of the court. While antitrust issues may, in appropriate cases, be determined by an arbitrator, *see Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), when the legality of a contract is under scrutiny, that issue must be decided by the court.

In entering judgment confirming the arbitration award, the trial court here did not make any findings with respect to whether the Contract violated the Act. Nor is there any indication in the record that the court specifically addressed and determined this threshold issue concerning arbitrability.

We therefore conclude that the matter must be remanded for an express determination of whether the Contract violates the Colorado antitrust laws.

### III.

Among issues that may be pertinent if, on remand, the contract is determined to be legal is the contention of Fones West that the arbitrator exceeded his power by failing to apply Colorado law. Specifically, Fones West contends that the arbitrator failed to apply Colorado law in ordering specific performance of the Contract, a remedy it claims is not available in these circumstances. We reject this contention.

 Generally, arbitrators are not bound by either substantive or procedural rules of law, except as provided in an arbitration agreement. *Cabus v. Dairyland Insurance Co.*, 656 P.2d 54 (Colo.App.1982). Here, the only limitation the parties placed on the arbitrator's powers was that the dispute be governed by Colorado law.

However, § 13–22–214(1)(b), C.R.S. (1987 Repl.Vol. 6A) states, with respect to arbitration awards:

[T]he fact that the relief was such that it could not or would not be granted by a court of law or equity is not grounds for vacating or refusing to confirm the award.

Thus, Colorado law affords an arbitrator great flexibility in the fashioning of appropriate remedies.

Moreover, Fones West has not demonstrated that the arbitrator actually applied any law other than that of Colorado. The real thrust of Fones West's argument is that the arbitrator erred in his application of law. However, the arbitrator is the final judge of both fact and law. *Judd Construction Co. v. Evans Joint Venture*, 642 P.2d 922 (Colo. 1982). Thus, we perceive no basis for reversal in this regard.

### IV.

Another contention that will have significance if the Contract is found on remand to be valid is the assertion by Fones West that the arbitrator exceeded his power by awarding damages to RPT in the event that Fones West does not comply with the arbitrator's ruling. Again, we perceive no error.

The arbitrator's award stated that:

If the Respondent [Fones West] fails or refuses to abide by the foregoing award then, and in that event only, award is made in favor of Claimant [RPT] and against Respondent in the sum of $400,000 as damages for the improper termination of the Agreement between the parties, as amended, and conversion of claimant's customers, accounts and service area.

Fones West argues that the arbitrator improperly assessed damages in the nature of a penalty for a future breach of contract and that such a remedy violates its due process rights.

 Again, we note that the arbitrator is not limited in his selection of remedies to those that would have or could have been employed by a court. *See* § 13–22–214(1)(b). Here, it appears that the arbitrator granted specific performance rather than an award of damages, but made a conditional assessment of damages in the event Fones West failed to comply with the specific performance remedy. We read the damages provision of the award as a back-up remedy for the wrongful termination that has *already* occurred and not as the imposition of a penalty for a future breach of contract.

 Fones West's contention here also amounts, in our view, to an assertion that the arbitrator's award is legally erroneous. A mere assertion of error unsupported by evidence cannot serve as a basis for vacating a judgment confirming an arbitration award. *Columbine Valley Construction Co. v. Board of Directors,* 626 P.2d 686 (Colo.1981).

In effect, Fones West is asking this court to review the arbitration award on the merits. We may not do so. *See Judd Construction Co. v. Evans Joint Venture, supra; Landmark Petroleum, Inc. v. Board of County Commissioners,* 870 P.2d 610 (Colo. App.1993).

## V.

Because it was raised for the first time on appeal, we do not address Fones West's contention that the arbitrator failed to apply Colorado law when he awarded attorney fees to RPT based on an affidavit which did not itemize the time expended and the hourly rates. *See First National Bank v. Union Tavern Corp.,* 794 P.2d 261 (Colo.App.1990).

## VI.

RPT requests a remand for the purpose of having the trial court enter a judgment awarding a specific amount of attorney fees. We agree that a remand is necessary.

 As discussed above, the trial court indicated that it would make an award of fees, but did not do so. However, the trial court has continuing jurisdiction to award attorney fees even after an appeal on the merits, so long as the fees are costs rather than damages. *See Ferrell v. Glenwood Brokers, Ltd.,* 848 P.2d 936 (Colo.1993). Further, it is up to the trial court to determine the effect, if any, of RPT's having been late in filing its motion for attorney fees and supporting affidavit.

Finally, RPT also requests an award of attorney fees incurred in this appeal. If the trial court determines that the Contract was legal, we would agree that RPT would be the "substantially prevailing party," as that term is used in the arbitration agreement, and that the trial court may make such an award.

The judgment is reversed, and the cause is remanded to the trial court to determine whether the Contract violates the Colorado antitrust laws. If, on remand, the court determines that the Contract is legal, it should enter an order confirming the arbitration award. In that event, the trial court's judgment will stand affirmed by this court, subject only to review on appeal as to the legality issue. In the event, however, that the trial court determines that the Contract is illegal, and therefore void, the court must vacate the arbitration award. On remand, the court may also consider the award of attorney fees in accordance with this opinion.

MARQUEZ and BRIGGS, JJ., concur.