LEE-ANN HOFF *vs.* NORTHEASTERN UNIVERSITY & others.[1]

No. 95-P-85.

Suffolk. March 15, 1996. - October 22, 1996.

Present: KASS, GREENBERG, & LAURENCE, JJ.[2]

*Practice, Civil,* Motion to dismiss. *Arbitration,* Issue preclusion. *Employment,* Discrimination, Termination. *Labor,* Arbitration.

In a civil action alleging that a university employer had committed age and gender discrimination, breach of contract, fraud, civil conspiracy, interference with an advantageous business relationship, and negligent or intentional infliction of emotional distress arising out of its refusal to grant tenure to an associate professor, the judge correctly denied the university's motions to dismiss the complaint and to compel arbitration where, on the record presented, it could not be determined whether previous arbitration of the tenure issue under the university's faculty handbook procedure operated to bar the present litigation or further arbitration; the matter was remanded for further proceedings. [513-514]

CIVIL ACTION commenced in the Superior Court Department on June 14, 1994.

The case was heard by *Robert A. Mulligan,* J., on a motion to dismiss or, in the alternative, a request for arbitration.

*Marc Redlich* for the defendants.

*Frances I. Tucker* for the plaintiff.

GREENBERG, J. Northeastern University (university) protests that all seven claims of Hoff's Superior Court complaint brought against the university were decided by an arbitrator and, therefore, should be dismissed on the ground of issue preclusion. See *Bailey* v. *Metropolitan Property &*

---

[1]John A. Curry, George Matthews, Michael Baer, and Eileen Zungolo.

[2]Following oral argument, Justice Flannery, who was on the original panel, recused himself. Thereafter, the case was submitted on the record and briefs to Justice Kass, who reviewed an audio recording of the argument and took part in the decision of this case in accordance with the provisions of Mass.R.A.P. 24(a), 365 Mass. 872 (1974).

*Liab. Ins. Co.*, 24 Mass. App. Ct. 34, 36 (1987). Alternatively, the university contends that any remaining issues not otherwise barred by the previous arbitration be referred to another arbitrator. The claims arise out of the university's denial of tenure to Hoff.

Hoff was initially appointed to the position of level III coordinator at the university's school of nursing in 1984. She held the rank of associate professor (without tenure). Some time in 1989, the university began tenure review, a five-tiered process according to the faculty handbook. After conducting their review, the university tenure committee (in June of 1990) submitted a negative recommendation that was ultimately adopted as a final decision by the university's board of trustees. Hoff was notified in accordance with the university's procedure that her employment would be terminated, effective June 1, 1991.

On December 10, 1990, Hoff requested arbitration under the terms of the university's faculty handbook. Her grievance was submitted to an independent arbitrator. After a hearing, on September 3, 1991, the arbitrator submitted a decision in her favor. It is not necessary to repeat the details of the arbitrator's findings concerning the committee's failure to conduct a proper tenure review. In short, the arbitrator found that the tenure committee's decision was not fairly reached or supported in light of the criteria set out in the faculty handbook.

The arbitrator, again in accordance with the faculty handbook, referred the matter to an ad hoc committee of scholars and instructed them to conduct a de novo review to be binding on the parties.[3] On October 16, 1992, the ad hoc committee completed their review and again recommended against granting tenure.

---

[3]Section VII Part D4 of the faculty handbook allows for a limited review of tenure proceedings to determine what relief may be awarded an aggrieved faculty member.

"The arbitrator shall not, in any arbitration hereunder, substitute his or her judgment on the professional qualifications of a faculty member for the judgment of the relevant academic committee or official. *If, however, in the adjudication of any grievance[,] . . . for any reason the arbitrator believes that the interest of substantial justice would not be served by remanding the issue for reconsideration by the committee or official whose recommendation gave rise to the grievance, he or she may refer the matter to an Ad Hoc Committee of . . . Northeastern University scholars appointed or approved by the arbitrator and who have agreed to serve. In such an event the Ad Hoc*

On June 14, 1994, nearly four years after Hoff had been refused a tenured appointment, she filed the instant complaint alleging that the university had committed age and gender discrimination, breach of contract, fraud, civil conspiracy, interference with an advantageous business relationship, and negligent or intentional infliction of emotional distress. In response to the complaint, which has not yet been answered, the university filed a motion to dismiss or in the alternative, a request for arbitration.

The Superior Court judge concluded that the case was not arbitrable. The judge ruled that the arbitrator was asked to determine whether the university's decision to deny Hoff a tenured position resulted from the application of inappropriate criteria and denial of due process. The judge found that, upon this limited reference, Hoff's substantive claims were not litigated and not encompassed by a final judgment. See *Miles* v. *Aetna Cas. & Sur. Co.*, 412 Mass. 424, 426-427 (1992). The university appealed from the judge's order denying its motion to dismiss and application for further arbitration. This appeal followed.[4]

In the usual case, the denial of the motion to dismiss is an interlocutory order, one from which, by reason of its lack of finality, there is no appeal. See *Pollack* v. *Kelly*, 372 Mass. 469 (1977). A denial by a Superior Court judge of an application for an order compelling arbitration, although also interlocutory, is by statute an interlocutory order from which the disappointed party may appeal. G. L. c. 251, § 18(*a*)(1). The university, thus, secures a jurisdictional foothold for an appeal but promptly slips by failing to articulate what it is it wishes to arbitrate. It *has* already arbitrated Hoff's tenure grievance and, so far as appears, is more than content to

Committee shall make a tenure recommendation *binding on the Tenure Committee, Dean, the candidate and the Provost,* where he/she has been determined to have committed the offense that caused the grievance to arise, and it shall be transmitted to the Provost." (Emphases supplied.)

[4]For the purpose of deciding the appeal, we must assume (as Hoff concedes) that Hoff's employment agreement incorporated by reference the university's faculty handbook, part of which provides for certain grievances arising from tenure review to be submitted to arbitration. See *Decker* v. *Worcester Jr. College*, 369 Mass. 960, 961 (1975), and cases cited; *Jackson* v. *Action for Boston Community Dev., Inc.*, 403 Mass. 8, 13-14 (1988); *O'Brien* v. *New England Tel. & Tel. Co.*, 422 Mass. 686, 694-695 (1996); *Garrity* v. *Valley View Nursing Home, Inc.*, 10 Mass. App. Ct. 822 (1980).

abide by the result. To repeat the circumscribed procedure set forth in the Northeastern University faculty handbook is not likely to advance resolution of the dispute.

With considerable force, the university contends that Hoff, as any university faculty member, had subscribed to a procedure for the adjustment of tenure controversies, and that she ought to be bound by the culmination of that procedure, namely, the decision of the ad hoc committee. That contention, however, is the one that it lost in its motion to dismiss the complaint. Curiously, the university did not move for an order to confirm the arbitration award that had been rendered. We obtain no assistance from Hoff's complaint as to what the agenda of a further arbitration might be. As the university suggests, questions of age or gender discrimination could have been placed by Hoff on the agenda of the already completed arbitration, and in that event they could not be raised anew as a subject for judicial resolution. See *Gilmer* v. *Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991); *Scott* v. *Farm Family Life Ins. Co.*, 827 F.Supp. 76, 80 (D. Mass. 1993). On the basis of Hoff's complaint, we cannot tell whether she charges the original faculty tenure committee with the unlawful conduct alleged in the complaint, questions which might have been subsumed in the arbitration already conducted, or whether the complaint of illegality is directed against the postarbitration activities of the ad hoc committee.

So far as it went the judge's analysis in denying the motion to compel arbitration was correct for the reason, if no other, that at the current state of the litigation, Hoff's complaint is insufficiently defined to permit a determination that her grievances are (a) new and (b) of a sort that are susceptible of arbitration within the design of the university's grievance procedure. Accordingly, a remand is necessary to address this point.

We do not intimate a decision on our part on the question — not properly before us — whether the grievance and arbitration procedures were binding on Hoff and foreclose bringing further claims before a court.

The order denying the university's motion to compel arbitration is vacated, and the matter is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*