**SUPERIOR CONSTRUCTION COMPANY, INC., Plaintiff–Appellee and Cross–Appellant,**

v.

**George BENTLEY, Defendant–Appellant and Cross–Appellee.**

No. 03CA0552.

Colorado Court of Appeals, Division II.

Nov. 4, 2004.

Lichtenfels, Pansing & Miller, P.C., Curtis R. Henry, Katherine G. Fritz, Denver, Colorado, for Plaintiff–Appellee and Cross–Appellant.

Walters & Joyce, P.C., Craig D. Joyce, Denver, Colorado, and George E. Bentley, Denver, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge NIETO.

Defendant, George Bentley, appeals the trial court's judgment confirming and entering judgment on a modified arbitration award in favor of plaintiff, Superior Construction Company, Inc. Superior cross-appeals the trial court's decision to vacate in part the initial arbitration award in its favor. We reverse and remand with directions.

Bentley hired Superior to remodel his home. A dispute arose regarding payment for extra work that Superior claimed was performed on Bentley's residence. Superior commenced this action to compel Bentley to arbitrate the dispute. This action was held in abeyance pending arbitration of the claims.

The arbitrator issued an award in favor of Superior, and Superior filed a motion in the trial court seeking confirmation of the arbitration award. In response, Bentley filed a motion with the arbitrator to clarify or modify the award under the former § 13–22–211 (now codified with amendments at § 13–22–220, C.R.S.2004). Based on his discovery that Superior had submitted fraudulently altered evidence in the arbitration, Bentley also filed a motion with the court to vacate the award under the former § 13–22–214(1)(a)(I)(now codified with amendments at § 13–22–223(1)(a), C.R.S.2004), asserting that Superior had procured the award by "corruption, fraud, or other undue means."

The trial court conducted an evidentiary hearing on Bentley's motion. Based on that hearing, the trial court found that the arbitration award was procured in part through the use of fraudulent evidence, and it reduced the award by $16,835. The case was remanded to the same arbitrator to consider the motion to modify the award that was pending before him. The arbitrator then ruled on Bentley's motion to modify or correct the award, and entered an award consistent with the trial court's findings.

The trial court confirmed the arbitrator's modified award. Bentley then brought this appeal, and Superior filed a cross-appeal.

I.

Bentley contends that the trial court erred in not vacating the entire arbitration award. He argues that the former § 13–22–214(1)(a) required that the entire award be vacated and that the trial court was without authority to vacate only part of the award. We agree that under the circumstances here, the entire award must be vacated.

The trial court acknowledged the mandatory language of the former § 13–22–214(1)(a)(I), but concluded "that it is not inconsistent under [that statute] to vacate

the award to the extent" it was procured by fraud. We do not agree that under the circumstances here the award can be partially vacated.

The former § 13–22–214(1)(a) provided in part:

Upon application of a party, the court shall vacate an award where:

(I) The award was procured by corruption, fraud, or other undue means;

... [or]

(III) The arbitrators exceeded their powers....

■■■ The role of the court in considering a motion to change an arbitration award is strictly limited to vacating the award on the grounds permitted by the former § 13–22–214(1)(a) or modifying or correcting an award on the grounds permitted by the former § 13–22–215(1)(now codified with amendments at § 13–22–224(1), C.R.S.2004). *Judd Constr. Co. v. Evans Joint Venture*, 642 P.2d 922 (Colo.1982). "The merits of an arbitrator's award are not subject to review by the courts." *Foust v. Aetna Cas. & Ins. Co.*, 786 P.2d 450, 451 (Colo.App.1989).

■■■ The word "shall" in a statute is presumed to be mandatory. *Swift v. Smith*, 119 Colo. 126, 201 P.2d 609 (1948).

Other divisions of this court have held that an arbitration award could be partially vacated under the former § 13–22–214(1)(a)(III) where the arbitrator made an award that was beyond the scope of the matters submitted for arbitration. In *Lynch v. Three Ponds Co.*, 656 P.2d 51, 53 (Colo.App.1982), a division of this court held: "If an arbitrator makes an award which is outside the scope of the issues submitted, that portion of the award which goes beyond the matters submitted to it for resolution is void for lack of jurisdiction." The division then reversed the part of the award that found money advanced by members of the joint venture was a capital contribution, but affirmed the balance of the award, concluding it was severable from the part that was reversed.

Similarly, another division of this court held that where an arbitrator made an award beyond the policy limits of an insurance contract, it was proper to vacate the portion of the award that exceeded the arbitrator's power under the former § 13–22–214. *Swan v. Am. Family Mut. Ins. Co.*, 8 P.3d 546, 548 (Colo.App.2000).

In each of those cases, a discrete and severable part of the award could be identified as being beyond the arbitrator's powers. Therefore, the mandate of the statute to vacate an award that exceeded the arbitrator's powers could be executed without vacating the parts of the awards that were within the arbitrator's powers. Using this same rationale, it could be argued that where a discrete and severable part of the award was procured by fraud, the court may vacate that part of the award. *See Bonar v. Dean Witter Reynolds, Inc.*, 835 F.2d 1378 (11th Cir.1988)(punitive damages part of an arbitration award vacated where only that part was procured through perjured testimony). However, we need not reach that issue because here no discrete part of the award can be identified and severed.

The arbitrator's award did not contain any findings of fact and did not explain what specific work or materials made up the total amount of the award. Instead, it merely set forth Superior's total claim, the total setoff permitted to Bentley, and a net amount awarded to Superior. While the trial court identified a specific dollar amount related to the fraudulent evidence, it could not identify that amount as a discrete part of the award. Further, it could not determine from the award that the effect of the fraudulent evidence was severable from the rest of the award.

We have no way to determine how the fraudulent amounts found by the trial court entered into the net award calculated by the arbitrator, or whether the fraudulent acts affected the arbitrator's consideration of other evidence presented by Superior in the arbitration. Under these circumstances, we conclude that the fraudulent amount determined by the court was not severable from the rest of the award, and therefore, the entire award was tainted by fraud. Accordingly, the arbitration award must be vacated in its entirety.

Because the entire award should have been vacated, the judgment entered on the modified award cannot stand. On remand, the trial court shall vacate the judgment and then exercise its discretion under the former § 13–22–214(3) to determine whether a rehearing is appropriate, and if it is, order a rehearing before a new arbitrator.

## II.

Next, we reject Superior's contention on cross-appeal that Bentley is prevented from appealing the motion to vacate based on the doctrine of laches.

Laches is an affirmative defense requiring a showing that an unconscionable delay in enforcing rights has prejudiced the party against whom relief is sought. *Colo. State Bd. of Med. Exam'rs v. Ogin,* 56 P.3d 1233 (Colo.App.2002). The elements of laches are: (1) full knowledge of the facts; (2) unconscionable or unreasonable delay in the assertion of an available remedy; and (3) intervening reliance by and prejudice to another. *Keller Cattle Co. v. Allison,* 55 P.3d 257 (Colo.App.2002). Whether the elements of laches have been established is a question of fact. *Montezuma County Dep't of Soc. Servs. v. Laner,* 937 P.2d 903 (Colo.App. 1997).

Here, the trial court determined that Bentley did not have full knowledge of the facts regarding Superior's fraudulent conduct prior to the arbitration. Additionally, the record reveals that Bentley filed his motion to vacate shortly after learning about the fraudulent conduct.

Therefore, we conclude that the trial court did not err in failing to apply the doctrine of laches.

## III.

We also reject Superior's contentions made on cross-appeal that the trial court should have denied the motion to vacate the award because the evidence of fraud submitted by Bentley was not "newly discovered," as required by C.R.C.P. 60(b) and that the evidence did not support a finding of fraud.

## A.

Arbitration is a special statutory proceeding, and the sole bases for vacating, modifying, or correcting an arbitration award are set forth in the former §§ 13–22–214(1) and 13–22–215(1) (now codified at §§ 13–22–223(1) and 13–22–224(1), C.R.S.2004). C.R.C.P. 60(b) is not a proper vehicle to challenge the merits of an arbitration award. *Sportsman's Quikstop I, Ltd. v. Didonato,* 32 P.3d 633 (Colo.App.2001)(UAA provides the exclusive means to challenge acts that taint an arbitration decision, and a C.R.C.P. 60(b) is not a proper vehicle to challenge the award); *see* C.R.C.P. 81 (rules of civil procedure do not apply to special statutory proceedings if they are inconsistent or in conflict with the procedure or practice provided in the applicable statute).

Even if we assume that the standard advocated by Superior were applicable, the result would be the same. The record demonstrates that Bentley filed his motion to vacate the award shortly after he learned of the basis for the fraud from counsel in the other litigation.

## B.

We also conclude that the record supports the trial court's finding of fraud.

One commits fraud when he or she makes a false representation of a material existing fact, knowing that it is false, with intent that it be acted upon, and the person to whom the representation is made, in ignorance of the truth, relies upon the misrepresentation. *Coors v. Sec. Life of Denver Ins. Co.,* 91 P.3d 393 (Colo.App.2003)(cert. granted May 24, 2004).

The record demonstrates that Superior submitted the same time cards, for the same employees, for the same days, in two separate arbitration proceedings that sought payment for extra work on different projects. The only difference in the time cards submitted for the two different arbitration proceedings was that the project address had been

modified. Based on this evidence, we conclude that the record is sufficient to support a finding of fraud.

The order partially vacating the arbitration award and the judgment entered on the modified award are reversed, and the case is remanded with directions to vacate the entire award and the judgment and to determine whether a rehearing before a new arbitrator is appropriate.

Judge ROTHENBERG and Judge LOEB concur.