**Kevin MAGENIS, Plaintiff–Appellant,**

**v.**

**Curtis BRUNER and Jeffrey Reh, Defendants–Appellees.**

**No. 07CA1313.**

Colorado Court of Appeals, Div. IV.

May 29, 2008.

Bland Law Offices, P.C., Richard Bland, Longmont, Colorado, for Plaintiff–Appellant.

Faegre & Benson, LLP, Robert L. Matthews, Christy L. Anderson, Boulder, Colorado, for Defendant–Appellee.

Opinion by Chief Judge DAVIDSON.

Plaintiff, Kevin Magenis, appeals from the judgment confirming an arbitration award in his favor, but denying his application to modify or partially vacate the award with regard to attorney fees. We affirm in part, reverse in part, and remand.

## I.

Plaintiff and defendants, Curtis Bruner and Jeffrey Reh, were members of a limited liability company, each owning a one-third equity interest. The parties' operating agreement contained an arbitration provision, titled "Dispute Resolution," which required binding arbitration whenever a dispute arose under or relating to the operating agreement. The arbitration provision included a clause concerning attorney fees, which stated that "[t]he Arbitrator shall award fees and expenses (including reasonable attorneys' fees) to the prevailing party."

A dispute concerning respective ownership interests developed, and the parties proceeded to arbitration. At the outset of the hearing, the parties and the arbitrator discussed the matter of attorney fees, and agreed that the parties would submit evidence on attorney fees only after the arbitrator had ruled on the merits of the submitted claims. After

the hearing, the arbitrator issued a written award resolving each of defendants' claims in plaintiff's favor.

In the award, which included an assessment of costs and expenses against defendants, the arbitrator stated that while he had "considered the matter of attorney's fees," he "declined" to award them, offering several reasons for his decision.

Plaintiff filed an application in the district court pursuant to former sections 13–22–214(1)(a)(III) and 13–22–215(1)(b) (now recodified as §§ 13–22–223(1)(d) and 13–22–224(1)(b), C.R.S.2007), to modify or partially vacate the award, contending that the arbitrator had no discretion under the arbitration agreement to refuse plaintiff an award of attorney fees. The court denied the application and later, entered judgment confirming the award. In its order, the court determined that it had no authority to set aside the arbitrator's refusal to award attorney fees, under the assumption that it could not "second-guess" the arbitrator's interpretation of the parties' operating agreement. Plaintiff filed this appeal.

 Our review of the district court's legal conclusions on an application to confirm or vacate an arbitration award is de novo. *Rocha v. Fin. Indem. Corp.*, 155 P.3d 602, 604 (Colo.App.2006).

## II.

Plaintiff contends that the district court's denial of his application for an award of attorney fees was error. We agree.

### A.

Colorado encourages the settlement of disputes through arbitration. *See* Colo. Const. art. XVIII, § 3; Uniform Arbitration Act of 1975, ch. 154, sec. 1, §§ 13–22–201 to –223, 1975 Colo. Sess. Laws 573–78 (now recodified with amendments as Colorado Revised Uniform Arbitration Act of 2004, §§ 13–22–201 to –229, C.R.S.2007); *Farmers Ins. Exch. v. Taylor*, 45 P.3d 759, 761 (Colo.App.2001). To facilitate confidence in the finality of arbitration awards and discourage piecemeal litigation, the Act strictly limits the role of the

courts in reviewing awards. *Farmers Ins. Exch.*, 45 P.3d at 761.

 Hence, an arbitrator is not bound by either substantive or procedural rules of law, and is the final judge of the merits of the submitted claims. *See Coors Brewing Co. v. Cabo*, 114 P.3d 60, 64, 66 (Colo.App. 2004); *R.P.T. of Aspen, Inc. v. Innovative Commc'ns, Inc.*, 917 P.2d 340, 343 (Colo.App. 1996). Thus, absent specific statutory grounds to vacate, modify, or correct an award, a court may not review the merits of an award. *See Coors Brewing Co.*, 114 P.3d at 65; *Container Tech. Corp. v. J. Gadsden Pty., Ltd.*, 781 P.2d 119, 121 (Colo.App.1989) (a reviewing court may not review "the arbitrator's interpretation of the contract" when it is included in "the merits of the award").

Accordingly, as to the specific claims submitted to the arbitrator regarding ownership issues, the district court's deference to the arbitrator's decision was correct.

### B.

 Plaintiff contends, however, that the district court incorrectly assumed that its authority to review the meaning of the attorney fees clause in the dispute resolution portion of the operating agreement was as restricted as its authority to review the arbitrator's interpretation of the other agreement provisions that involved the merits of the claims submitted. Furthermore, plaintiff argues that although the parties submitted to the arbitrator the determination of what constituted a "reasonable" amount of attorney fees, whether attorney fees should be awarded to the prevailing party was not an arbitrable issue and, therefore, the arbitrator exceeded his powers in refusing to award any attorney fees. We agree.

#### 1.

 The powers of an arbitrator derive from the arbitration agreement between the parties and are strictly defined by the terms of that agreement. *See Coors Brewing Co.*, 114 P.3d at 64; *Water Works Employees Local No. 1045 v. Bd. of Water Works*, 44 Colo.App. 178, 179, 615 P.2d 52, 53 (1980) (the arbitration clause controls the nature of

the arbitration); *see also R.P.T.,* 917 P.2d at 343 (the arbitrator is bound by the arbitration agreement). This is so regardless whether the arbitration provision is a stand-alone agreement or, as here, is embedded in a contract. *See R.P.T.,* 917 P.2d at 342 (arbitration provisions considered severable from contracts in which they are contained); *cf. Ingold v. AIMCO/Bluffs, L.L.C. Apartments,* 159 P.3d 116, 120–21 (Colo.2007).

█ The district court, as the reviewing court, was required to determine de novo whether the arbitrator's refusal to award attorney fees to plaintiff as the prevailing party was a determination beyond the scope of the parties' arbitration agreement. *See* § 13–22–214(1)(a)(III) (now § 13–22–223(1)(d); a reviewing court is required to vacate an arbitration award if the arbitrator exceeds his or her powers); § 13–22–215(1)(b) (now § 13–22–224(1)(b); an award must be corrected or modified if arbitrator has made an award on a claim not submitted and it may be corrected without affecting the merits of the decision upon the claims submitted); *see also City & County of Denver v. Denver Firefighters Local No. 858,* 663 P.2d 1032, 1039–40 (Colo.1983) ("If an arbitrator exceeds his authority by going beyond the contract terms and, in effect, enacting new binding terms and conditions ..., the dissatisfied party may apply to the court to vacate the award."); *Coors Brewing Co.,* 114 P.3d at 64 ("the inquiry under former [section] 13–22–214(1)(a)(III) concerns whether an arbitrator acted within the scope of his contractual authority"); *Byerly v. Kirkpatrick Pettis Smith Polian, Inc.,* 996 P.2d 771, 774 (Colo.App. 2000) (in order to determine whether an arbitrator exceeded the authority submitted to him by the parties, the reviewing court must evaluate the scope of the arbitration agreement); *State Farm Mut. Auto. Ins. Co. v. Stein,* 886 P.2d 326, 328 (Colo.App.1994) (under former section 13–22–214(1)(a)(III), "[i]f an arbitrator makes an award which is outside the scope of the issues submitted, that portion of the award which goes beyond the matters submitted to it for resolution is void for lack of jurisdiction").

2.

Defendants argue that, even if the district court erred by deferring to the arbitrator's determination of the scope of the parties' arbitration agreement, the parties nevertheless gave the arbitrator the discretion to deny attorney fees by including the phrase "shall award fees and expenses (including reasonable attorneys' fees) to the prevailing party" in their operating agreement. We disagree.

█ When determining the scope of an arbitration agreement, we apply ordinary principles of contract interpretation. *Smith v. Multi–Fin. Sec. Corp.,* 171 P.3d 1267, 1270 (Colo.App.2007); *BFN–Greeley, LLC v. Adair Group, Inc.,* 141 P.3d 937, 940 (Colo. App.2006).

The attorney fees clause contained in the parties' arbitration agreement here, or nearly identical language, is commonly used in commercial contracts to mandate the award of attorney fees, among other costs, to the prevailing party. *See Campbell v. Summit Plaza Assocs.,* —— P.3d ——, ——, 2008 WL 323770 (Colo.App. No. 06CA0688, Feb. 7, 2008) (the phrase "shall award to the prevailing party all reasonable costs and expenses, including attorneys fees" provides for "an award of attorney fees and reasonable costs and expenses to the prevailing party"); *Brock v. Weidner,* 93 P.3d 576, 580 (Colo. App.2004) (holding that a contract provision which stated that the prevailing party "shall be entitled" to reasonable attorney fees requires the award of attorney fees to the prevailing party) (disagreeing with *Grynberg v. Agri Tech, Inc.,* 985 P.2d 59, 64–5 (Colo. App.1999), *aff'd,* 10 P.3d 1267 (Colo.2000)); *see also RCS Lumber Co. v. Sanchez,* 136 Colo. 351, 355, 316 P.2d 1045, 1047 (1957) (the word "shall" in a contract denotes mandatory compliance); *Superior Constr. Co. v. Bentley,* 104 P.3d 331, 333 (Colo.App.2004) ("The word 'shall' in a statute is presumed to be mandatory."); *cf. Cherry Creek Sch. Dist. No. 5 v. Voelker,* 859 P.2d 805, 813 (Colo.1993) (under statutory interpretation, the term "include" is ordinarily used as a word of extension or enlargement).

Thus, we conclude that the only power the plain terms of the clause here provided to the

arbitrator was the determination of a reasonable amount of attorney fees.

Defendants' contention to the contrary notwithstanding, the clause is not ambiguous. We do not view as reasonable defendants' suggestion that the language does not explicitly require that attorney fees be awarded, that is, that the clause could mean "that the prevailing party be awarded some fees and expenses, and one category of the fees and expenses [could be] attorney fees." *See Carl's Italian Rest. v. Truck Ins. Exch.*, 183 P.3d 636, 639 (Colo.App.2007) ("An alternative interpretation that is unreasonable will not render a word or phrase ambiguous."); *cf. State Farm Mut. Auto. Ins. Co. v. Stein,* 940 P.2d 384, 387 (Colo.1997) (when a contractual clause is clear and unambiguous, courts should neither rewrite it nor limit its effect by a strained construction).

We also do not agree with defendants' alternative argument that the "[a]rbitrator's decision [was] that the reasonable attorney fees were $0.00," and, therefore, we should view the arbitrator's award as actually including reasonable attorney fees. In his award, the arbitrator did not award fees of zero dollars, but explicitly "declined" to award attorney fees.

### III.

[8] Plaintiff requests an award of appellate attorney fees. We agree with plaintiff that the parties' agreement also requires such an award. *Camelot Invs., LLC v. LANDesign, LLC,* 973 P.2d 1279, 1281 (Colo. App.1999) (award of appellate attorney fees appropriate when arbitration provision allows for recovery of attorney fees at trial level); *cf. Bedard v. Martin,* 100 P.3d 584, 593 (Colo.App.2004) (broad fee-shifting provision will apply to any litigation arising out of the contract).

Because we have determined that the arbitrator exceeded his authority by deciding an issue not within the scope of the parties' arbitration agreement, we reverse the district court's judgment denying plaintiff's request to modify or vacate the award as it relates to attorney fees. We remand the case to the district court for the entry of an order returning the case to the arbitrator to determine an award of reasonable attorney fees, including appellate attorney fees. *See Superior Constr. Co.,* 104 P.3d at 333 (when a discrete and severable part of an award can be identified as being beyond the arbitrator's powers, the court may partially vacate an award).

The judgment is reversed to the extent it denies plaintiff's request to vacate or modify the award as to attorney fees, and the case is remanded with directions for further proceedings consistent with this opinion. In all other respects, the judgment confirming the arbitration award is affirmed.

Judge METZGER * and Judge KAPELKE * concur.