(305 P.3d 30)
No. 108,345

ALLIANCE PLATFORMS, INC., *Appellee*, v. BRIAN BEHRENS, *et al.*,
*Defendants*, (MOXY SOLUTIONS, LLC), *Appellant*.

—

Opinion filed
June 14, 2013.

*Neil L. Johnson* and *Sharon A. Stallbaumer*, of Berkowitz Oliver Williams Shaw
& Eisenbrandt, LLP, of Kansas City, Missouri, for appellant.

*Lewis M. Galloway*, of LG Law LLC, of Kansas City, Missouri, for appellee.

Before BRUNS, P.J., GREEN and BUSER, JJ.

BRUNS, P.J.: This appeal arises out of a Services Agreement en-
tered into by Alliance Platforms, Inc. (Alliance) and Moxy Solu-

tions, LLC (Moxy). Alliance sued Moxy and several other defendants in Johnson County District Court. In response, Moxy filed a counterclaim and successfully sought to compel arbitration under the terms of the Services Agreement. At the conclusion of the arbitration, the arbitrator found that neither Alliance nor Moxy were entitled to attorney fees under the "prevailing party" provision of the Services Agreement. Although the district court confirmed the arbitrator's award regarding the substantive claims asserted by the parties, it vacated the arbitrator's decision on attorney fees. Specifically, the district court found that Alliance was the prevailing party in the arbitration and remanded the matter to the arbitrator for a determination of the amount of attorney fees to be awarded. On appeal, we conclude that the district court erred in finding that the arbitrator exceeded his power when he determined that neither party was entitled to attorney fees under the terms of the Services Agreement. Thus, we reverse the district court's decision regarding attorney fees, and we remand the case to the district court for it to confirm the arbitrator's original award in its entirety.

## FACTS AND PROCEDURAL HISTORY

Moxy entered into a Services Agreement with Alliance in September 2008 for variable data printing services. The initial term of the Services Agreement was for 3 years, but it was not exclusive. In addition, the Services Agreement provided that either party could terminate the agreement due to a material breach, after giving the other party 30 days' written notice to cure the alleged breach.

In July 2009, Moxy sent an e-mail to Alliance stating that it was terminating the agreement due to an alleged material breach of contract. Although the Services Agreement stated that the parties agreed to arbitrate any disputes arising out of or related to the terms of the agreement, on December 9, 2009, Alliance filed a suit against Moxy—as well as several other defendants who are not parties to this appeal—alleging a variety of claims. In response, Moxy asserted several counterclaims against Alliance and filed a motion to compel arbitration under the terms of the Services

Agreement. But the parties agreed to defer a hearing on the motion to compel arbitration in order to complete discovery.

On March 10, 2011, the district court granted Moxy's motion to compel arbitration. The arbitrator, Robert W. Cotter, conducted a final hearing from September 13 to 15, 2011. Following posthearing briefing by the parties, the arbitrator issued an award on November 3, 2011. The arbitrator concluded that Moxy technically violated the Services Agreement by failing to give Alliance 30 days' written notice to cure the alleged material breach. But because the agreement did not require Moxy to make minimum monthly purchases—or any purchases for that matter—the arbitrator concluded that this technical violation of the Services Agreement's notice provision resulted in no damages to Alliance. Moreover, as to Alliance's seven other claims against Moxy, the arbitrator decided each of them in Moxy's favor.

In addition, the arbitrator granted Moxy's counterclaim seeking an injunction against Alliance for use of Moxy's contract forms, graphics, and artwork. The arbitrator did, however, deny the other three counterclaims asserted by Moxy. Finally, because the arbitrator found neither Alliance nor Moxy to be the prevailing party in the arbitration, at the end of the award, the arbitrator decided "[e]ach party is to pay their own attorneys' fees."

Alliance filed a motion for reconsideration with the arbitrator, contending that the Services Agreement required the arbitrator to award attorney fees. In an order dated December 19, 2011, the arbitrator denied Alliance's motion. In doing so, the arbitrator explained that he found neither party to be the prevailing party under Section 16.7 of the Services Agreement because no damages were awarded on Alliance's claims or on Moxy's counterclaims.

On January 30, 2012, the district court confirmed the arbitrator's award regarding Alliance's claims and Moxy's counterclaims. Notwithstanding, the district court found that the arbitrator exceeded his power in determining that neither party had prevailed in the arbitration. The district court also found that the arbitrator should have deemed Alliance the prevailing party and should have awarded attorney fees. Accordingly, the district court vacated the arbitrator's decision on attorney fees and remanded the case to the

arbitrator to determine the reasonable amount of attorney fees to which Alliance was entitled. On remand, the arbitrator concluded that Alliance's reasonable attorney fees were $51,521.81, and the district court confirmed the supplemental award in a journal entry filed on May 22, 2012.

## ANALYSIS

### Issue Presented

The sole issue presented in this appeal is whether the district court erred in vacating the arbitrator's decision to not award attorney fees to either party under a contractual prevailing party provision.

### Standard of Review

Because the issue presented involves an interpretation of the Services Agreement entered into between Alliance and Moxy, our standard of review over the district court's decision to vacate the arbitrator's award is unlimited. See *Shamberg, Johnson & Bergman, Chtd. v. Oliver*, 289 Kan. 891, 900, 220 P.3d 333 (2009). But in reviewing the arbitrator's original award, we must give great deference to his factual findings and his legal conclusions. See *Rural Water Dist. No. 6 v. Ziegler Corp.*, 9 Kan. App. 2d 305, 309, 677 P.2d 573 ("[T]he [Kansas Uniform Arbitration] Act does not impose restrictions on this court's power to review the district court's decision, but it does restrict the district court's review of the arbitrator's decision."), *rev. denied* 235 Kan. 1042 (1984). Hence, "[m]aximum deference is owed to the arbitrator's decision, and the standard of review is among the narrowest known to law." *Moreland v. Perkins, Smart & Boyd*, 44 Kan. App. 2d 628, Syl. ¶ 8, 240 P.3d 601 (2010).

A reviewing court must respect that the parties contractually agreed to be bound by an arbitrator's decision. "Once the parties have decided to settle their dispute through arbitration and once they have chosen a mutually acceptable arbitrator, the courts have only disturbed an award for the most egregious of breaches by the arbitrator." *City of Coffeyville v. IBEW Local No. 1523*, 270 Kan. 322, Syl. ¶ 2, 14 P.3d 1 (2000). Even errors of law or fact are

insufficient to overturn an award unless it can be shown that the arbitrator acted in bad faith or took actions "so gross as to amount to affirmative misconduct." *Neighbors Construction Co. v. Woodland Park at Soldier Creek*, 48 Kan. App. 2d 33, Syl. ¶¶ 1, 2, 5, 284 P.3d 1057 (2012).

*Scope of Arbitrator's Power*

On appeal, Alliance argues the district court correctly determined that the arbitrator exceeded his power under K.S.A. 5-412(a)(3) by refusing to declare a prevailing party in the arbitration and thereby not awarding attorney fees to either party. On the other hand, Moxy argues the district court erred by failing to give appropriate deference to the arbitrator's decisions. As the party arguing for vacating the arbitrator's award, Alliance bore "the burden of proving a basis for setting aside the award." *Neighbors*, 48 Kan. App. 2d 33, Syl. ¶ 6; see also *Heartland Surgical Specialty Hospital v. Reed*, 48 Kan. App. 2d 237, Syl. ¶ 6, 287 P.3d 933 (2012). We find that the district court failed to give the arbitrator's award proper deference, and it thus erred in finding that Alliance had met its burden.

The Services Agreement entered into by Alliance and Moxy states:

"In the event of the failure of any such mediation, the dispute shall be submitted to the American Arbitration Association, in Kansas City, MO, in accordance with the then prevailing rules of that Association. Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. In any arbitration or litigation under this Agreement, *the prevailing party shall be entitled to recover from the other party any and all costs reasonably incurred by the prevailing party in such arbitration or litigation, including, without limitation, reasonable attorneys' fees.*" (Emphasis added.)

In the original award, the arbitrator found that because each party prevailed on one claim and lost all its other claims, neither was the prevailing party in the arbitration. As such, the arbitrator concluded that neither party was entitled to attorney fees. In vacating the arbitrator's decision on attorney fees, the district court found that "the arbitrator exceeded his power by failing to determine the prevailing party and award reasonable attorney's fees and costs." The district court further found that "the arbitrator must

award [Alliance] its reasonable attorneys' fees and costs as the prevailing party . . . under a theory of breach of the Services Agreement." Thus, the district court remanded the case to the arbitrator with the specific instruction to determine "a reasonable amount of attorney's fees and costs to be awarded to [Alliance] with respect to its claim for breach of the Services Agreement."

A broad arbitration clause in a contract gives the arbitrator an expansive scope of authority to decide the issues involved in a case. *Neighbors*, 48 Kan. App. 2d at 46. Likewise, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) (interpreting the federal Arbitration Act that has language similar to K.S.A. 5-401(a), which governs the validity of arbitration in Kansas). Here, the arbitration provision was broad. It had no limitations. And it expressly stated that the arbitrator would decide costs, which included attorney fees. Accordingly, we find the issue of attorney fees to have been within the arbitrator's power.

Because attorney fees were an issue within the arbitrator's power to decide, a reviewing court must give the arbitrator's decision the appropriate level of deference. In finding that "the arbitrator exceeded his powers by not following the contract," the district court found that the arbitrator interpreted the contract incorrectly. Yet even if the arbitrator did commit an error of law in interpreting the contract, an error of law is generally not a sufficient reason to vacate an arbitrator's decision. *Moreland*, 44 Kan. App. 2d 629, Syl. ¶ 6.

Only in extraordinary circumstances is an arbitrator's interpretation of a contract so irrational or unreasonable as to be a sufficient basis to vacate an award. *Neighbors*, 48 Kan. App. 2d at 51-52. The contract stated that "the prevailing party shall be entitled to recover . . . reasonable attorney fees." The Services Agreement did not, however, define "prevailing party." The arbitrator concluded that neither Alliance nor Moxy was a prevailing party because each won one claim and lost all others and, as a result, neither party was entitled to attorney fees. We do not find that decision to be irra-

tional or unreasonable. Likewise, we do not find that the arbitrator committed an error of law.

We find the Washington Court of Appeals' decision in *Morrell v. Wedbush Morgan Sec.*, 143 Wash. App. 473, 486, 178 P.3d 387 (2008), to be persuasive and provide guidance in this case. In *Morrell*, the court recognized that "where both parties to an action are afforded some measure of relief, neither party may be entitled to attorney fees" under a prevailing party provision. 143 Wash. App. at 486. Likewise, we find this statement to be consistent with cases from jurisdictions across the United States. See *Taylor v. Moutrie-Pelham*, 246 P.3d 927, 929-30 (Alaska 2011) (holding, in landlord-tenant case, that the court has discretion to characterize neither party as prevailing where each party prevailed on a main issue); *Smith v. Mitton*, 140 Idaho 893, 903, 104 P.3d 367 (2004) (noting that "[w]hen both parties are partially successful, it is within the court's discretion to decline an award of attorney fees to either side"); *Purcell v. Smith*, 23 Misc. 3d 944, 946, 874 N.Y.S.2d 877 (2009) (setting aside cost award in battery case because both parties partially prevailed, but neither was the prevailing party). Accordingly, we conclude that when both parties obtain some measure of relief, it is within an arbitrator's power and discretion to conclude that neither party is entitled to attorney fees under similar contractual prevailing party provisions.

In support of its argument that the arbitrator was required to declare a prevailing party, Alliance cites the case of *Agnew v. Lacey Co-Ply*, 33 Wash. App. 283, 287-88, 654 P.2d 712 (1982). The *Agnew* case, however, is distinguishable from the present case because one of the parties prevailed on *all of its claims*. Moreover, Alliance fails to recognize *Morrell*, which was decided 26 years after *Agnew*. In its analysis in *Morrell*, the Washington Court of Appeals specifically found that the reasoning in *Agnew* was strained because the issue of attorney fees was within the arbitrator's power to decide—even if he decided it incorrectly. 143 Wash. App. at 487.

Alliance also points us to a Colorado case, *Magenis v. Bruner*, 187 P.3d 1222, 1224 (Colo. App. 2008), in support of its argument that the arbitrator exceeded his power. Once again, *Magenis* is distinguishable because the arbitrator in that case resolved *all*

*claims* in favor of the plaintiff. As such, unlike the present case, there was no question in *Magenis* regarding which party prevailed. 187 P.3d at 1223-24; see also *Agnew*, 33 Wash. App. at 287-88. Here, however, both parties won—at most—one claim and lost on all other claims.

We pause to note that although the arbitrator found that Moxy technically violated the contract, Alliance actually failed to prove all of the elements of a breach of contract claim. In Kansas, "[t]he elements of a breach of contract claim are: (1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) *damages to the plaintiff caused by the breach.*" (Emphasis added.) *Stechschulte v. Jennings*, 297 Kan. 2, 23, 298 P.3d 1083 (2013). In the present case, Alliance failed to prove the damages element. In fact, the arbitrator specifically found that Alliance suffered no damage as a result of Moxy's technical violation of the Services Agreement. Thus, it is questionable whether Alliance prevailed on any of its claims.

In Kansas, K.S.A. 5-412(a) states "the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm [an arbitration] award." Here, in vacating the award, the district court rested its decision—at least in part—on the belief that when faced with a similar provision, it could not have made the same decision as the arbitrator. Even if that were true, "very odd arbitration awards [that] might cause cold shivers to go down the spines of reviewing courts" must be confirmed. *Moreland*, 44 Kan. App. 2d at 636.

Because we do not find that the arbitrator exceeded his power in requiring each party to pay its own attorney fees, we conclude that the district court's decision partially vacating the arbitrator's initial award should be reversed. Furthermore, we remand this case to the district court with directions to confirm the original arbitration award entered on November 3, 2011, in its entirety.

Reversed and remanded with directions.