No. 56,550

BOARD OF EDUCATION, UNIFIED SCHOOL DISTRICT NO. 215, *Appellee*, v. L. R. FOY CONSTRUCTION COMPANY, INC., *Appellant*.

(697 P.2d 456)

Opinion filed January 26, 1985.

*William L. Mitchell*, of Mitchell and Henry, of Hutchinson, argued the cause and was on the brief for appellant.

*Ted R. Morgan*, of Lakin, argued the cause and was on the brief for appellee.

*Per Curiam:* This is an appeal by the defendant, L. R. Foy Construction Company, Inc., from an order of the Kearny District Court affirming the award of arbitrators. The plaintiff, the Board of Education of Unified School District No. 215, is the appellee.

A number of issues are raised, and each will be stated and determined later in this opinion.

The Board of Education entered into a contract with Foy Construction Company in 1978 whereby Foy agreed to remodel a school building and construct an addition to it. The contract contains no provisions for arbitration; but apparently the specifications, which by reference are made a part of the contract, provide for arbitration. No copy of the specifications is contained in the record on appeal, and thus we do not know what the specific terms of the arbitration provisions were.

A dispute arose between the contracting parties, and Foy sought to resolve the matter through arbitration. The Board commenced this action on December 15, 1980, by filing with the district court a petition seeking an order of the court staying the arbitration proceedings already commenced by Foy through the American Arbitration Association. Foy answered and sought an order of the court compelling arbitration. The trial court ordered arbitration, and the matters in dispute were then presented to a panel of three arbitrators. The presentation of evidence was completed on November 24, 1981, and the parties submitted proposed findings of fact and conclusions of law, the last of which were submitted on December 11, 1981. The arbitrators made their award on January 20, 1982. The arbitrators found that the Board was damaged in the sum of $450,099.19; that Foy was responsible for 43.75% of the damages, or $196,918.39; that the Board still owed Foy the sum of $140,217.57; and that, subtracting one from the other, the Board was entitled to recover judgment against Foy in the sum of $56,700.82. The district court ultimately confirmed the award and entered judgment for the Board and against Foy for $56,700.82. Foy appeals.

Foy first contends that the arbitrators' award is so vague that it is invalid. The gist of this contention is that the arbitrators failed to specifically address each of the issues and contentions set forth by Foy in its proposed findings of fact and conclusions of law. The Court of Appeals, in *Rural Water Dist. No. 6 v. Ziegler Corp.*, 9 Kan. App. 2d 305, 677 P.2d 573 (1984), said:

"To be valid, an arbitration award must be a full and final disposition on all points submitted." Syl. ¶ 5.

"An arbitration award is final when it conclusively determines the matter submitted, leaving nothing to be done but to execute and carry out the terms of the award." Syl. ¶ 6.

There is nothing in the record before us to indicate specifically the items or matters that were originally submitted to arbitration; we are advised only that a dipsute arose over the work performed by Foy. While the arbitrators did not specifically set out their ruling on each of the items mentioned by Foy in its proposed findings submitted, it is apparent that the arbitrators made a final decision in an attempt to resolve all of the issues between the parties, which resulted in a lump sum award to the Board. The award, while not detailed, is not vague; and we conclude that this contention has no merit.

Next, Foy contends that the arbitrators exceeded their authority by entertaining and determining the Board's counterclaim for the reason that the counterclaim was not in writing. Foy claims that this violates the American Arbitration Association rules. The AAA rules, however, are not a part of the record before us. The Board counters Foy's argument by pointing out that Foy proceeded with arbitration without objecting to the fact that the counterclaim was not in writing.

The Board further argues that the AAA rules provide, in effect, that claims not originally stated may later be submitted with the arbitrators' consent. Apparently the parties here proceeded to try the counterclaim, the arbitrators admitted evidence for and against the Board's claim, and the arbitrators determined that claim in their ultimate award. In arbitration proceedings, as in other cases, it is the duty of an appellant to designate an adequate record on appeal to substantiate claims of error. *Rural Water Dist. No. 6*, at Syl. ¶ 4. We find nothing in the record before us to indicate that the arbitrators erred in considering the Board's counterclaim.

Foy next contends there is no evidence to support the arbitrators' award of 43.75% of the Board's damages against Foy. Once again, we do not have before us the transcript of proceedings before the arbitrators, and we have no record upon which to review Foy's claim that the evidence was insufficient to support the award.

For its fourth point, Foy contends that the arbitrators exceeded their authority by rendering an award more than thirty days after the close of the hearing. K.S.A. 5-408 requires the arbitrators to make an award "within the time fixed therefor by the agreement . . . ." We do not have before us the terms of the agreement of the parties. However, both parties agree that the

American Arbitration Association rules set a thirty-day time limit. The rules are not provided in the record, and we therefore do not quote from them. Likewise, there is no specific showing in the record as to the specific time the hearing was closed, although the parties agree that the last evidence was presented on November 30 and the last proposed findings were submitted on December 11. More than thirty days had expired at the time the award was made. There is, however, nothing in the record to indicate that the record was ever formally closed or that Foy objected, before the award was made, to the rendering of the award after the thirty-day period expired. To the contrary, some time after the award was made Foy filed an application with the arbitrators seeking clarification of the award. It was not until later that Foy filed a motion to vacate the award.

The application to the arbitrators for clarification, made pursuant to K.S.A. 5-409, was acknowledgment of the validity of the award. Foy was invoking the jurisdiction of the arbitration panel for the purpose of securing "clarification"—having the award clarified as Foy sought to have it read. By so moving, he acknowledged the jurisdiction of the panel and the efficacy of the award. We need not determine whether the thirty-day period fixed in the American Arbitration Association rules is directory or mandatory. From the record before us it is clear that Foy waived any right it may have had to object to the award on the ground that the arbitrators lost jurisdiction after the expiration of the thirty days by first moving to have the award clarified. Foy's second motion is wholly inconsistent with and antagonistic to the first.

For its next issue, Foy contends that the arbitrators failed to perform their duties in accordance with the association rules by not making the award within thirty days and by not rendering a definite award upon the matter submitted. We have covered both in this opinion.

For its sixth point, Foy contends that it was error for the district court to grant a rehearing. The court initially held in favor of Foy, vacating the award. A motion to modify was filed by the Board, together with a motion for rehearing. The motion for rehearing was granted and upon rehearing the court granted the Board's motion to confirm the award. K.S.A. 60-259 provides for the granting of a new trial to any or all of the parties and on all or part

of the issues, when it appears that the rights of a party have been substantially affected because of abuse of discretion of the court, "or for any other cause whereby the party was not afforded a reasonable opportunity to present his evidence and be heard on the merits of the case." The Board argued that the trial court, by first refusing to consider authorities cited by the Board, failed to afford the Board a reasonable opportunity to "present [its] evidence and be heard on the merits of the case." The judge upheld this contention, reviewed the A.L.R. annotation cited by the Board, and granted the rehearing.

Foy argues that Chapter 60 should not apply to arbitration proceedings. We disagree. Proceedings to compel arbitration are civil proceedings brought in the district court pursuant to K.S.A. 5-402 and 5-416, and the code of civil procedure, K.S.A. 60-201 *et seq.*, applies. In the case of *Robinson & Wells, P.C. v. Warren*, 669 P.2d 844 (Utah 1983), the Supreme Court of Utah held that while some of the provisions of that state's Rule 59 (our K.S.A. 60-259) state grounds for relief which are inapplicable to a district court proceeding to confirm, vacate, or modify an arbitrator's award, others are fully applicable. We agree. The district court could grant a rehearing as in any other civil case.

Foy contends that the district court erred in permitting an attorney for the Board to submit an affidavit in support of the Board's motion for rehearing, and in permitting the attorney to testify at a hearing on that motion. The testimony of the attorney came about after Foy objected to the affidavit, and the court ordered that the attorney testify and be subject to cross-examination. This was done. The testimony was occasioned by the fact that there was a change in trial judges, and the attorney simply testified as to earlier procedural matters. This does not violate the Code of Professional Responsibility, DR 5-102(A), 232 Kan. clxxxv, and we find no prejudicial or reversible error.

Finally, Foy contends that the journal entry confirming the arbitration award fails to conform to the statutes of Kansas. No statute was cited or quoted in the brief, and we find no error in the journal entry.

The judgment is affirmed.