No. 127,043

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SWOPE LEES COMMERCIAL REAL ESTATE, LLC,
*Appellee*,

v.

LANE SLATEN and CLAREVIEW, LLC,
*Appellants*.

SYLLABUS BY THE COURT

1.

The Kansas Uniform Arbitration Act (UAA), K.S.A. 5-423 et seq., governs how a party may seek to reform an arbitration award and the district court's relationship to the arbitration award under K.S.A. 5-444, K.S.A. 5-445, and K.S.A. 5-446. In other words, these UAA statutes govern the district court's ability to confirm, reject, or amend the arbitration award. But none of the arbitration statutes govern the district court's relationship to its own process and decision, that is, the court's ability to modify its own orders.

2.

The district court's ability to modify its own orders is found in the Code of Civil Procedure, K.S.A. 60-201 et seq. In this respect, the Code of Civil Procedure and motions filed under Chapter 60 of the Kansas statutes apply in a proceeding seeking judicial action on an arbitration award. A motion to amend or set aside a judgment confirming an arbitration award under K.S.A. 60-259 or K.S.A. 60-260 may be filed when a party claims a flaw in the district court's judgment or in the district court proceedings through which the court's judgment was rendered.

1

3.

Although Chapter 60 motions, such as K.S.A. 60-259 and K.S.A. 60-260, may be filed in an arbitration action pursued under the Uniform Arbitration Act in Chapter 5 to seek reform of a district court's own order or processes, these motions do not permit a party to challenge the merits of the underlying arbitration award.

4.

The only method permitted to attack the merits of the arbitration award itself resulting from defects in the arbitration award's procurement is a motion to vacate an award under K.S.A. 5-445 or to modify or correct an award under K.S.A. 5-446. Chapter 60 motions cannot be used as an end-run to challenge the award.

5.

In the UAA, K.S.A. 5-444 confers standing to any party who participated in the arbitration proceeding. In other words, for the limited purposes of confirming, vacating, or modifying the award, standing simply requires participation in the arbitration proceeding.

6.

When a contractual agreement to arbitrate specifies that the arbitration occur in Kansas, a district court within Kansas obtains exclusive jurisdiction to review the award under K.S.A. 5-448.

7.

Once properly invoked under the UAA, the district court's subject-matter jurisdiction to review the arbitration award does not evaporate simply because the claim is fatally flawed.

8.

Where a party brings an appeal of a district court's decision to confirm or vacate an arbitration award under both Chapter 60 and the UAA, the appellate court considers whether the error appealed was correctable by an appeal. K.S.A. 60-260(b) motions are not to be used as a substitute for appeals, and errors that would have been readily correctable on appeal do not offer grounds for relief under that statute.

9.

Where a party brings an appeal of a district court's decision to confirm or vacate an arbitration award under both Chapter 60 and the UAA, and the party's arguments to the appellate court ultimately relate to the arbitrator's findings, the appellate court will review the appeal using the standards outlined in *Moreland v. Perkins, Smart & Boyd*, 44 Kan. App. 2d 628, Syl. ¶ 8, 240 P.3d 601 (2010).

Appeal from Johnson District Court; K. CHRISTOPHER JAYARAM, judge. Oral argument held May 20, 2025. Opinion filed October 17, 2025. Affirmed.

*Gregory P. Goheen* and *Gabriel J. Greenbaum*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellant.

*Robert G. Harken*, of Harken Law Firm, LLC, of Overland Park, and *Robert R. Titus*, of Titus Law Firm, LLC, of Overland Park, for appellee.

Before WARNER, C.J., CLINE and COBLE, JJ.

COBLE, J.: Lane Slaten and Clareview, LLC (collectively, Clareview), appeal the Johnson County District Court's judgment confirming an arbitration award in favor of Swope Lees Commercial Real Estate, LLC (Swope Lees), and denying Clareview's postjudgment motions. Clareview argues that the district court erred in upholding the arbitration award, largely challenging the district court's jurisdiction and arguing Swope

Lees was not statutorily authorized to receive a commission on the sale of the property which predicated this dispute. Swope Lees challenges our appellate jurisdiction, arguing that Clareview's postjudgment motions in the district court were improper in an arbitration case and so did not toll its appeal time, making this appeal untimely. On review, we reject both parties' jurisdictional arguments and find Clareview fails to show manifest disregard by the arbitrator. We affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

Despite a substantially undeveloped record on appeal, the parties do not dispute most of the pertinent facts.

Lane Slaten is the sole interest holder in Clareview, LLC, a real estate holding company. Swope Lees is a commercial real estate brokerage firm in Florida. None of Swope Lees' brokers are licensed in Kansas.

On November 5, 2020, Swope Lees and Clareview entered into a brokerage agreement to sell certain commercial property in Paola, Kansas. In pertinent part, the agreement provided that Clareview would pay Swope Lees a six percent commission for assisting with the sale or lease of the property. The agreement's term was originally set for 60 days but was later extended for an additional 90 days—beginning January 22, 2021—by an addendum evidencing the mutual written agreement of the parties.

Swope Lees apparently entered into a Broker Cooperation Agreement (BCA) with a Kansas real estate broker. Whether or not this BCA was filed with the Kansas Real Estate Commission (Commission) is unclear—although Clareview contends it was not filed, the appellate record is inconclusive on this point. Swope Lees claims the BCA covered the same time frame agreed to in the parties' addendum; however, this BCA is not included in the appellate record.

4

Clareview sold the property subject to the brokerage agreement to Flashpoint Recovery Centers, LLC (Flashpoint), on May 11, 2021—less than three weeks after the expiration of the parties' brokerage agreement. The parties do not dispute that Swope Lees contacted Flashpoint during the term of the brokerage agreement and that the sale concluded within the time frame authorized in that agreement for recovery of a commission. The parties also do not dispute the final sale price. Still, Clareview refused to pay Swope Lees a commission on the sale.

Because the brokerage agreement provided for binding arbitration of disputes, Swope Lees filed a demand for arbitration with a Johnson County member of the American Arbitration Association. Following a two-day evidentiary hearing, the arbitrator ultimately awarded Swope Lees its commission under the brokerage agreement. The arbitrator concluded that the parties' brokerage agreement was binding and "thus [gave] rise to a commission payment obligation." Although the arbitrator noted that Swope Lees was not licensed as a broker in Kansas, it was seeking its fees under the Kansas Real Estate Brokers' and Salespersons' License Act (Brokers' Act), K.S.A. 58-3034 et seq., under sections allowing "'foreign licensees' to provide commercial brokerage services to Kansas residents under an enumerated list of stipulations," citing K.S.A. 58-3062. The arbitrator found that "[t]he evidence supports a conclusion that [Swope Lees] qualifies as a foreign licensee under the Act."

Within a few days of the arbitration award, Swope Lees filed a motion to confirm the award in the Johnson County District Court. Clareview responded by filing a memorandum in opposition to the motion to confirm the award and in support of its own motion to vacate the award. Although Clareview did not take issue with the arbitrator's factual findings, it generally argued that the arbitrator exhibited manifest disregard of the law, and as a result, the arbitration award should be set aside. Clareview contended that the brokerage agreement between the parties was not a legal contract, so the award of commission fees to Swope Lees was prohibited by law.

5

After hearing the parties' arguments, the district court issued an oral ruling confirming the arbitration award and denying Clareview's motion to vacate the award. Citing *Moreland v. Perkins, Smart & Boyd*, 44 Kan. App. 2d 628, Syl. ¶ 8, 240 P.3d 601 (2010), the district court found the case rose and fell "on the manifest disregard issue," and judicial review was "very narrow and limited." The district court recited it was "not the function of [the district court] to hear the case de novo, to reconsider findings of fact or conclusions of law" made by the arbitrator, and found no bad faith or affirmative misconduct by the arbitrator that would lead to a finding of manifest disregard. The court later filed a terse journal entry referencing its decision from the bench.

Twenty-eight days later, Clareview filed a combined motion for relief from the district court's judgment under K.S.A. 60-260(b)(4) and to alter or amend the judgment under K.S.A. 60-259(f). Clareview asked the court to vacate the judgment as void under K.S.A. 60-260 because the court lacked jurisdiction and Swope Lees lacked the capacity to bring the suit. It asked the court to alter or amend the judgment under K.S.A. 60-259(f) utilizing the same jurisdictional argument. Following Swope Lees' response, the district court held another hearing at which it denied Clareview's postjudgment motion.

Clareview appeals.

### DISCUSSION

1.  *Neither the appellate court nor the district court lacked jurisdiction.*

Both sides raise jurisdictional issues, albeit attacking jurisdiction from different angles. First, Swope Lees contends Clareview's appeal was untimely because its postjudgment motions under Chapter 60 were inapplicable in a case involving solely the judicial review of an arbitration award. As explained fully below, the types of postjudgment motions Clareview filed in the district court may be appropriately filed in

6

an arbitration award case and, as a result, this appeal is timely. But though this gives our court jurisdiction over the appeal, these motions cannot be used as an end-run around a proper appeal of the confirmation of an arbitration award.

Second, Clareview contends that the district court lacked subject-matter jurisdiction over the arbitration award because Swope Lees was not licensed as a real estate broker in Kansas, which is required under K.S.A. 58-3038(a) for a broker to institute a lawsuit for recovery of a commission fee. We disagree. Regardless of any legal defect in Swope Lees' request for the court to confirm its arbitration award, jurisdiction over the subject matter of this dispute exists, as an "agreement to arbitrate providing for arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award." K.S.A. 5-448. Whether Swope Lees could recover its fees on the merits is a question addressed separately.

We address each of these jurisdictional arguments in turn.

A.    *Clareview's appeal was not untimely.*

As an initial matter, Swope Lees argues that Clareview's appeal is untimely. An untimely appeal affects appellate jurisdiction—that is, our ability to hear the case. Appellate jurisdiction is defined by statute, and a court may exercise jurisdiction only in the manner directed by the Legislature. *In re E.A.*, 319 Kan. 748, 757, 560 P.3d 1149 (2024). As interpreted by caselaw, K.S.A. 60-2103(a) generally requires a notice of appeal to be filed within 30 days of the entry of judgment and in the district court that issued the judgment. See *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017). K.S.A. 60-2103(a), however, allows the tolling of the limitation period when a party files specific types of articulated timely postjudgment motions. Potentially applicable here is the statute's reference to a motion for new trial or to alter or amend a judgment under K.S.A. 60-259. See K.S.A. 60-2103(a).

7

Additionally, although K.S.A. 60-260 is not one of the postjudgment motions listed in K.S.A. 60-2103(a), a district court's denial of a motion to set aside a judgment under K.S.A. 60-260 is a final, appealable order and, therefore, an independent basis for appeal. See *In re Adoption of A.A.T.*, 287 Kan. 590, 598, 196 P.3d 1180 (2008) (noting abuse of discretion standard is often applied to appeals from denial of motion to set aside judgment under K.S.A. 60-260), *cert. denied* 556 U.S. 1184 (2009).

Swope Lees contends, however, that K.S.A. 60-259 and K.S.A. 60-260 are not applicable in the judicial review of arbitration agreements because judicial review of arbitration agreements is controlled exclusively by the Kansas Uniform Arbitration Act (UAA), K.S.A. 5-423 et seq. Accordingly, Swope Lees concludes that Clareview was required to seek modification of the award under K.S.A. 5-446 or seek appellate review under K.S.A. 5-450, rather than filing motions under K.S.A. 60-259 and K.S.A. 60-260. Swope Lees reasons that because these Chapter 60 motions are inapplicable to judicial review of an arbitration award, Clareview's filing of these motions did not toll its time for filing a notice of appeal and, as a result, the notice of appeal was untimely, divesting us of jurisdiction over this appeal.

This argument requires us to interpret several statutes. The interpretation of a statute involves questions of law subject to unlimited review. *In re E.A.*, 319 Kan. at 757.

The UAA as adopted in Chapter 5 governs how a district court addresses an arbitration award. Once the arbitrator issues an award, the parties have one of three options to obtain judgment. A party may move the district court to confirm the award under K.S.A. 5-444, vacate the award as prescribed by K.S.A. 5-445, or a party may seek modification or correction of the award by the court under K.S.A. 5-446. Once a district court confirms, vacates, or modifies an award, K.S.A. 5-450 permits a party to seek appellate review of the district court's decision, and appeals of the district court's decision are governed by Chapter 60. See K.S.A. 5-450(b).

8

K.S.A. 5-450 specifies the types of judicial orders that may be appealed under the UAA. Swope Lees contends that K.S.A. 5-450 limits the orders that may be appealed, and the statute does not include motions to alter or amend the judgment under K.S.A. 60-259 or motions for relief from judgment under K.S.A. 60-260. As previously stated, the right to appeal is based on statute, and a party must appeal in the manner outlined by the applicable statutes. See *State v. McCroy*, 313 Kan. 531, 534, 486 P.3d 618 (2021) (limiting bases for State to appeal in criminal case). So, the specific bases for appeal articulated in K.S.A. 5-450 serve to limit appellate jurisdiction under the UAA.

But Swope Lees' characterization of these appellate limitations is overly narrow. K.S.A. 5-450 lists several specific district court orders that may be appealed and then adds a catch-all provision: "(a) An appeal may be taken from: . . . (6) a final judgment entered pursuant to K.S.A. 5-423 through 5-453, and amendments thereto." K.S.A. 5-450(a)(6). A timely postjudgment motion generally renders a district court's judgment interlocutory and unappealable until the court resolves the outstanding motions. See *Ohlmeier v. Jones*, 51 Kan. App. 2d 1014, 1023, 360 P.3d 447 (2015) ("A 'final decision' generally disposes of the entire merits of the case and leaves no further questions or the possibility of future directions or actions by the court. The phrase 'final decision' is self-defining and refers to an order that definitely terminates a right or liability involved in an action, or that grants or refuses a remedy as a terminal act in the case."). Because a timely motion to alter or amend a judgment or to obtain relief from a judgment potentially affects the parties' respective liabilities or remedies, the judgment—even under the UAA—does not become final until the motions are resolved.

As described above, the UAA governs how a party may seek to reform an arbitration award and the district court's relationship to the arbitration award under K.S.A. 5-444, K.S.A. 5-445, and K.S.A. 5-446. In other words, these statutes govern the district court's ability to confirm, reject, or amend the arbitration award. But none of the arbitration statutes govern the district court's relationship to its own process and

9

decision—that is, the court's ability to modify its *own* orders. The district court's ability to do this is contained in Chapter 60.

Our Supreme Court has found that the Code of Civil Procedure, K.S.A. 60-201 et seq., and specifically K.S.A. 60-259, applies in a proceeding to compel arbitration. *U.S.D. No. 215 v. L. R. Foy Constr. Co.*, 237 Kan. 1, 697 P.2d 456 (1985). In *L. R. Foy Constr. Co.*, a dispute arose between L. R. Foy Construction Company, Inc. (Foy) and the Board of Education of Unified School District No. 215 (Board) which was submitted to arbitration under an earlier version of the UAA. See K.S.A. 5-401 through K.S.A. 5-422, repealed July 1, 2018; L. 2018, ch. 90, § 35. The arbitrator entered an award in favor of the Board. The district court initially vacated the award. However, the Board filed a motion to modify together with a motion for rehearing. The district court granted the motion for rehearing and, upon rehearing, the district court granted the Board's motion to confirm the award. Although it is not explicitly stated in the opinion, it appears as though the Board's motion to modify and for rehearing was styled as a K.S.A. 60-259 motion. On appeal, Foy argued that Chapter 60 should not apply in arbitration proceedings. In response, the Supreme Court said:

> "We disagree. Proceedings to compel arbitration are civil proceedings brought in the district court pursuant to K.S.A. 5-402 and 5-416, and the code of civil procedure, K.S.A. 60-201 *et seq.*, applies. In the case of *Robinson & Wells, P.C. v. Warren*, 669 P.2d 844 (Utah 1983), the Supreme Court of Utah held that while some of the provisions of that state's Rule 59 (our K.S.A. 60-259) state grounds for relief which are inapplicable to a district court proceeding to confirm, vacate, or modify an arbitrator's award, others are fully applicable. We agree. The district court could grant a rehearing as in any other civil case." *L. R. Foy Constr. Co.*, 237 Kan. at 5.

This pertinent segment of the *Foy* opinion is brief and has not been elaborated upon by subsequent caselaw. Additionally, in *L. R. Foy Constr. Co.*, the court examined the earlier version of the UAA, which was adopted in 1973. L. 1973, ch. 24, § 18; K.S.A.

10

5-401 through K.S.A. 5-422 (Weeks). The original UAA has since been replaced in Kansas, but even so, the statutes governing post-award motions in the revised UAA are substantively the same as the statutes governing post-award motions in the previous version of the UAA. Cf. K.S.A. 5-444 through K.S.A. 5-446 with K.S.A. 5-411 (Weeks) through K.S.A. 5-413 (Weeks).

Neither the brevity of Foy's analysis nor the revision of the UAA overrides our adherence to precedent here. See *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022) (This court is duty-bound to follow Supreme Court precedent absent an indication it is departing from that precedent.). Our Supreme Court clearly stated that arbitration proceedings were civil proceedings and that the Code of Civil Procedure applied.

But this does not mean that these Chapter 60 postjudgment motions may be used to avoid an appeal of an arbitration award, or as an end-run around the arbitration provisions of the UAA. Other courts addressing similar questions have drawn a distinction between motions for relief from judgment under the Kansas Rules of Civil Procedure, like K.S.A. 60-260(b) addressing questions of the district court's process, and the use of such motions to attempt to attack the merits of the underlying arbitration proceedings. See *Sportsman's Quikstop I, Ltd. v. Didonato*, 32 P.3d 633, 635 (Colo. App. 2001) ("Because the UAA provides the exclusive means to challenge acts that taint an arbitration decision . . . a C.R.C.P. 60(b) motion to vacate a judgment is not a proper vehicle to challenge the *merits* of the underlying arbitration award.") (Emphasis added.) The Washington Court of Appeals explained:

> "[A] CR 60 motion to set aside a judgment confirming an arbitration award can only be brought on the grounds of a defect inherent in the judgment itself or in the means (*i.e.* 'the court proceedings') by which it was obtained. In contrast, the sole avenue for attacks on the *award* itself owing to defects in its procurement is a section .180 [later repealed and replaced by Wash. Rev. Code § 7.04A.230] [Washington's adoption of the UAA] motion to vacate an award. CR 60 cannot be used as an alternative route (*i.e.* 'a guise') to attack

the award." *ML Park Place Corp. v. Hedreen*, 71 Wash. App. 727, 743, 862 P.2d 602 (1993).

In reviewing these decisions from other jurisdictions, we note that K.S.A. 5-451 directs courts to construe the UAA in a manner that promotes uniformity among the states that have enacted it, and we see no reason to depart. While the use of Chapter 60 motions to challenge the arbitration award itself is restricted, nothing prohibits a party from seeking to modify or vacate a district court's judgment when the circumstances justify it. So, a motion to amend or set aside a judgment confirming an arbitration award under K.S.A. 60-259 or K.S.A. 60-260 may be filed when a party claims a flaw in the district court's judgment or in the district court proceedings through which the court's judgment was rendered.

Leaving the merits of its contentions to discussion below, we note that Clareview's K.S.A. 60-260(b) motion claimed that the district court lacked subject-matter jurisdiction over the action and, as a result, its judgment was void. Regardless of whether Clareview was entitled to relief on this argument, its motion challenged the district court proceedings—that is, the district court's legal authority to adjudicate the dispute. This, then, was an appropriate use of K.S.A. 60-260(b).

Clareview's presentation of its K.S.A. 60-259(f) motion on appeal is much more truncated, and its substantive appellate arguments relate primarily to its K.S.A. 60-260(b) motion and why it claims the district court's judgment is void. It does not explain why its motion to amend under K.S.A. 60-259(f) was proper under the limited circumstances described here, and for this reason has essentially abandoned such arguments. *Hodes & Nauser v. Stanek*, 318 Kan. 995, 1002, 551 P.3d 62 (2024). Even so, given the propriety of postjudgment motions under K.S.A. 60-259(f) and K.S.A. 60-260(b)(4) under limited circumstances, the resolution of Swope Lees' challenge to appellate jurisdiction is uncomplicated.

12

The district court entered its journal entry confirming the arbitration award on May 15, 2023. Clareview filed a combined motion for relief from the district court's judgment under K.S.A. 60-260(b)(4) and to alter or amend the judgment under K.S.A. 60-259(f) on June 12, 2023, exactly 28 days after the court filed its judgment. Although K.S.A. 60-260 is not one of the postjudgment motion types listed in K.S.A. 60-2103(a), a district court's denial of a motion to set aside a judgment under K.S.A. 60-260 is a final, appealable order and, therefore, provides an independent basis for appeal. See *In re Adoption of A.A.T.*, 287 Kan. at 598 (noting abuse of discretion standard is often applied to appeals from denial of motion to set aside judgment under K.S.A. 60-260). Accordingly, Clareview could appeal the district court's denial of its motion to vacate the district court's order from the date the court filed its judgment on the motion, and Clareview's appeal was filed within the 30 days required by K.S.A. 60-2103(a). We possess appellate jurisdiction over the appeal.

B.      *The district court possessed jurisdiction to confirm the arbitration award.*

For its jurisdictional challenge, Clareview contends that the district court lacked subject-matter jurisdiction to confirm the arbitration award because Swope Lees was never licensed under the Brokers' Act, and because of this claimed lack of licensure, Swope Lees has no standing to pursue its action against Clareview.

Jurisdiction involves a question of law subject to unlimited appellate review. *State v. Lamia-Beck*, 318 Kan. 884, 886, 549 P.3d 1103 (2024). To the extent the inquiry into Clareview's jurisdiction requires us to interpret Kansas statutes, we similarly exercise unlimited review. 318 Kan. at 886. If the district court lacked jurisdiction, then the appellate court lacks jurisdiction except to determine the jurisdictional question. *Nicholson v. Mercer*, 319 Kan. 712, 714, 559 P.3d 350 (2024) ("If the district court lacked jurisdiction to enter an order, an appellate court does not acquire jurisdiction over

13

the subject matter on appeal."). Standing is a component of subject-matter jurisdiction. *Hodes & Nauser*, 318 Kan. at 1002.

To establish standing, a plaintiff must assert a legally cognizable injury and must demonstrate that the injury was causally related to conduct by the defendant. *Kansas Bldg. Industry Workers Comp. Fund v. State*, 302 Kan. 656, 678, 359 P.3d 33 (2015) ("'Under the traditional test for standing in Kansas, 'a person must demonstrate that [1] he or she suffered a cognizable injury and [2] that there is a causal connection between the injury and the challenged conduct.'").

Clareview relies primarily upon K.S.A. 58-3038, which reads in pertinent part:

"(a) Except as provided by subsection (b), *no action shall be instituted or recovery be had* in any court of this state by any person for compensation for any act or service, the performance of which requires a license under this act, *unless such person was duly licensed under this act at the time of offering to perform any such act or service* or procuring any promise to contract for the payment of compensation for any such contemplated act or service." (Emphases added.) K.S.A. 58-3038(a).

Another part of the Brokers' Act, K.S.A. 58-3077, allows a foreign licensee to enter a BCA with a Kansas broker which permits the foreign broker to perform services requiring a license under the Brokers' Act. K.S.A. 58-3077(b). But this same statute requires the foreign licensee to provide a copy of its BCA to the Commission "within five business days of the execution thereof." K.S.A. 58-3077(c). Clareview contends that Swope Lees did not file its BCA with the Commission, so its failure to do so under K.S.A. 58-3077(c) means that Swope Lees was not licensed and could not institute an action for recovery under K.S.A. 58-3038(a). Clareview argues this is a standing issue, and accordingly, should bar the courts' exercise of subject-matter jurisdiction over the arbitration award.

14

As our Supreme Court noted in *Nicholson*, these are interesting arguments, but they have "nothing to do with subject-matter jurisdiction." 319 Kan. at 715. In that case, the court examined the earlier criminal case of *State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016), and explained that "subject-matter jurisdiction is extended to courts by the Kansas Constitution itself, and an insufficient charging document merely fails to procedurally demonstrate its existence." *Nicholson*, 319 Kan. at 715-16. The court went on to apply this rationale to civil cases by clarifying that courts must "delineate genuine subject-matter jurisdiction defects from fact- or law-based defenses on the merits of an action." 319 Kan. at 716.

Although no Kansas cases have addressed the question of whether a party must demonstrate standing before asking a court to confirm an arbitration award, some federal courts have. See, e.g., *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 731 F. Supp. 3d 531, 577 (S.D.N.Y. 2024) (noting prior precedent holding that "'[t]he FAA's process for confirming an arbitration award still requires Article III injury, and § 9 of the FAA does not itself confer standing'"). But under the UAA, K.S.A. 5-444 appears to confer standing to any party who participated in the arbitration proceeding. In other words, for the limited purposes of confirming, vacating, or modifying the award, standing simply requires participation in the arbitration proceeding. See *Psarianos v. Standard Marine, Ltd., Inc.*, 12 F.3d 461, 465 (5th Cir. 1994) (citing federal statute permitting any party to arbitration standing to seek confirmation or vacation of an award); *MBNA America Bank, N.A. v. Giron*, No. 28,775, 2010 WL 3971712, at *3 (N.M. App. 2010) (unpublished opinion) ("Plaintiff's standing to pursue this case was established by its application to the district court, which stated that it had obtained an arbitration award that it sought to have confirmed by the court.").

Clareview argues that Swope Lees must show both traditional and statutory standing. But Clareview limits its arguments to statutory standing under K.S.A. 58-3038 and does not challenge Swope Lees' injury-in-fact (the nonpayment of commission) or

Clareview's cause of that injury. It is true that statutory standing involves the creation of a right by statute. *Hunter Health Clinic v. Wichita State Univ.*, 52 Kan. App. 2d 1, 6-7, 362 P.3d 10 (2015). But K.S.A. 58-3038(a) does not create a right—it legislatively limits a party's contractual right in a highly regulated industry. Under K.S.A. 5-444, Swope Lees meets its standing requirements for the district court to obtain confirmation of the arbitration award by demonstrating that it was a party to the arbitration proceedings. We do not see that the law requires more.

Even so, following the *Nicholson* precedent, it may be that Swope Lees' claim could fail for the statutory and contractual deficiencies Clareview illuminates, and in that vein Clareview's allegations may have merit. But we need not address the merits as part of our jurisdictional examination, because the fact that Swope Lees' claim might fail as a matter of law does not deprive a court of subject-matter jurisdiction. Subject-matter jurisdiction is simply the power of the courts in this state to decide disputes. 319 Kan. at 717.

There is no dispute that the parties agreed to arbitration, and so the district court possessed statutory jurisdiction to review the arbitration award entered in this case. K.S.A. 5-448(a) provides: "A court of this state having jurisdiction over the controversy and the parties may enforce an agreement to arbitrate." When a contractual agreement to arbitrate specifies that the arbitration occurs in Kansas, a district court within Kansas obtains exclusive jurisdiction to review the award. K.S.A. 5-448(b) ("An agreement to arbitrate providing for arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award under K.S.A. 5-423 through 5-453, and amendments thereto."). The commercial brokerage agreement between Clareview and Swope Lees provided for arbitration in Johnson County, Kansas:

16

"Any dispute between Swope Lees, the Company [Clareview] and/or the Company's members shall be subject to binding arbitration before a Johnson County based arbitrator in accordance with the rules of the American Arbitration Association ('Association')."

The venue provision of the UAA provides that the court in the county where the arbitration took place is the proper venue for review. K.S.A. 5-449. Consequently, the Johnson County District Court properly exercised review jurisdiction over the arbitrator's award. And "[o]nce properly invoked, that power [subject-matter jurisdiction] does not go away simply because the claim is fatally flawed." *Nicholson*, 319 Kan. at 717.

2. *The district court properly denied Clareview's motion to vacate the arbitration award.*

A. *The* Moreland *standard applies here.*

Having dispensed with the parties' jurisdictional arguments, we turn to the merits of the appeal. The parties disagree on the standard with which we should review the case because the appeal presents potential challenges to two different rulings by the district court: (1) The confirmation of the arbitration award under K.S.A. 5-450(a)(3); and (2) the denial of Clareview's motion for relief from judgment under K.S.A. 60-260(b)(4).

Clareview reasons that this case is an appeal from the denial of a motion to set aside a judgment under K.S.A. 60-260(b), specifically arguing that the judgment was void for lack of jurisdiction. In contrast, Swope Lees argues that Clareview is simply appealing the district court's confirmation of an arbitration award under K.S.A. 5-444. These two types of decisions carry different standards of appellate review.

A motion under K.S.A. 60-260(b) permits a district court to grant relief from its own previous court judgment for specific legal reasons warranted under the circumstances. As described at length above, Clareview focuses its primary argument on

17

K.S.A. 60-260(b)(4), contending that the district court's judgment confirming the arbitration award was void solely because the court lacked jurisdiction. Appellate review of a claim that a judgment was void is unlimited. *Adoption of A.A.T.*, 287 Kan. at 598-99. "A judgment is void and therefore a nullity if a court lacked jurisdiction to render it." 287 Kan. at 598. Clareview asks us to undertake this broad review of its appeal.

When considering relief for a judgment confirming an arbitration award, however, the scope of appellate review is significantly limited. The UAA permits judicial review of an arbitrator's decision, but the court's review is extremely constrained. *Alliance Platforms, Inc. v. Behrens*, 49 Kan. App. 2d 53, 56, 305 P.3d 30 (2013). "Maximum deference is owed to the arbitrator's decision, and the standard of review is among the narrowest known to law." *Moreland*, 44 Kan. App. 2d 628, Syl. ¶ 8.

Although Clareview's initial argument is based on its K.S.A. 60-260(b) motion, it also challenges the district court's confirmation of the arbitration award, claiming the arbitrator exhibited manifest disregard for Kansas law by improperly finding for Swope Lees despite its alleged lack of licensure. It correctly cites the lens through which we review this type of action, noting that "[a]s long as the arbitrator's errors are not in bad faith or so gross as to amount to affirmative misconduct, an appellate court is bound by the arbitrator's findings of fact and conclusions of law." *Neighbors Construction Co. v. Woodland Park at Soldier Creek*, 48 Kan. App. 2d 33, 38, 284 P.3d 1057 (2012). Clareview contends the arbitrator knew of the requirements found in K.S.A. 58-3038 and K.S.A. 58-3077 precluding Swope Lees' recovery but refused to apply these laws.

So, then, it seems that Clareview presents us with a hybrid appeal, of sorts— attempting to bring its appeal both under Chapter 60 and the UAA. But the Kansas Supreme Court has recognized that 60-260(b) motions are not to be used as a substitute for appeals, and errors that would have been "readily correctable on appeal" do not offer grounds for relief under that statute. *Vogeler v. Owen,* 243 Kan. 682, 685, 763 P.2d 600

(1988); see *Westfield Ins. Co. v. Harvest Constr. Gen'l. Contracting, Inc.*, No. 109,327, 2013 WL 5507592 (Kan. App. 2013) (unpublished opinion) (reviewing the appellant's appeal of the denial of their K.S.A. 60-260[b][6] motion where the appellant failed to appeal the judgment against them but sought to set aside the judgment under 60-260[b][6]).

In this vein, we consider Clareview's appeal of its K.S.A. 60-260(b) motion to be offering the same foundational arguments as its appeal of the confirmation of the arbitration award. This appears as an attempt to bootstrap a lower standard of review onto what is—at its core—the review of an arbitration award. Here, Clareview's arguments all boil down to the same underlying factual and legal findings made by the arbitrator: that the evidence presented supported a conclusion that Swope Lees was, in fact, a foreign licensee under the Brokers' Act, and as such was entitled to the commission. Clareview's disagreement with these findings underscores all its arguments—that Swope Lees lacked standing or capacity to sue, or the courts lack jurisdiction, or the arbitrator disregarded the law. Again, at their very cores, the arguments share the same footing. Because Clareview cannot substantively use its K.S.A. 60-260(b) motion as a substitute for its appeal of the arbitration award, and because its arguments all relate to the arbitrator's findings, we will review this appeal using the highly limited review standards outlined in *Moreland*.

B.       *Clareview fails to show manifest disregard by the arbitrator.*

Utilizing this standard, we begin by pointing out that Clareview apparently presented the same foundational arguments to the arbitrator that we have recited repeatedly here: Swope Lees was not properly licensed under K.S.A. 58-3038(a) and K.S.A. 58-3077 and so it should not recover a commission. But the arbitrator concluded that K.S.A. 58-3038(a) did not bar Swope Lees' recovery of a commission because the evidence showed that Swope Lees qualified as a foreign licensee under the Brokers' Act.

19

As previously discussed, the UAA directs the scope of judicial review of an arbitration award. When a party seeks a court order vacating an arbitration award, he or she must prove one of the several reasons outlined in K.S.A. 5-445(a)(1)-(6). Clareview does not rely on any of these statutory grounds. Instead, it relies on what courts have recognized as a limited nonstatutory ground for vacating an award when an arbitrator manifestly disregards a rule of law. "[M]anifest disregard" means more than an error in judgment about the law—it requires the arbitrator to be aware of a governing legal principle, yet refuse to apply it. *Neighbors Construction Co.*, 48 Kan. App. 2d at 43; *Moreland*, 44 Kan. App. 2d at 635. Other than these limited bases for challenging an award, a district court must presume the arbitration award is valid. *Neighbors Construction Co.*, 48 Kan. App. 2d at 43. And, as stated above, "[a]s long as the arbitrator's errors are not in bad faith or so gross as to amount to affirmative misconduct, an appellate court is bound by the arbitrator's findings of fact and conclusions of law." 48 Kan. App. 2d at 38.

Our court in *Moreland* explained that the arbitrator's misinterpretation of the law does not equate to manifest disregard. 44 Kan. App. 2d at 635. "Courts must tread lightly in the area of manifest disregard of the law," and a court should not vacate an award even if the relief granted by the arbitrator "'could not or would not be granted by a court of law or equity.'" 44 Kan. App. 2d at 636. Our courts found that "even though the limited scope of review of what could appear to be very odd arbitration awards might cause cold shivers to go down the spines of reviewing courts, highly limited review is the law." 44 Kan. App. 2d at 636.

Clareview contends that the district court disregarded statutory licensing requirements as a prerequisite for enforcing the payment of a real estate commission under K.S.A. 58-3038(a) and K.S.A. 58-3077, as previously discussed. But as noted, K.S.A. 58-3077(b) outlines that a foreign licensee who cooperates with a broker who is

20

licensed in Kansas may perform services requiring a license and may share a commission for commercial real estate transactions that do not involve a single-family residence.

To obtain the benefit of the statute, K.S.A. 58-3077(b) requires the foreign licensee to execute a BCA meeting certain requirements. The arbitrator concluded that Swope Lees complied with these statutory requirements in a BCA with Janet Brooks with Realty One Group. But the BCA is not included in the record on appeal. Accordingly, we cannot review the accuracy of the arbitrator's assessment.

Clareview does not argue that the BCA itself failed to comply with the statutory requirements but argues that it was not filed with the Commission within five business days, as required by K.S.A. 58-3077(c). Clareview reads subsection (c) as a statutory requirement necessary to validate the BCA.

However, the construction of the statute makes the effect of subsection (c) less plain than Clareview asserts. The statutory provision requiring that the Commission be given a copy of the BCA does not specify whose responsibility it is to provide the copy, nor the consequences for failing to comply with this provision. Clareview reads this statutory provision as a disqualifying event that renders the BCA void, leaving Swope Lees without statutory authority to obtain a commission. The arbitrator, on the other hand, considered the filing requirement a technicality that did not divest Swope Lees of its right to collect a commission under contract.

Given the construction of K.S.A. 58-3077(b) and (c), the arbitrator's construction is reasonable. K.S.A. 58-3077(a) defines terms used in the statute. Subsection (b) identifies the requirements a BCA must meet to allow a foreign licensee to work as a broker in Kansas and collect a shared commission. These requirements are: (1) that the subject real estate does not involve a single-family residence and (2) execution and compliance with a BCA with a branch broker or supervising broker, as those terms are

defined by the Brokers' Act. K.S.A. 58-3077(b). The required contents of the BCA are further enumerated in additional subsections. Clareview has not identified a violation of any of these requirements.

Subsection (c) provides the separate requirement that the Commission be provided a copy of the BCA within five days of its execution. K.S.A. 58-3077(c). It seems that no one disputes that the BCA executed in this case was not filed with the Commission within five days, although it is entirely unclear from the record whether the BCA was ever provided to the Commission. Clareview argues that this claimed failure to comply with subsection (c) renders Swope Lees' attempt to qualify as a foreign licensee invalid. But the placement of the requirement in K.S.A. 58-3077(c) does not necessarily suggest this result.

K.S.A. 58-3077(b) identifies the requirements to qualify as a "foreign licensee" as that term is defined in subsection (a). "[S]uch foreign licensee shall be permitted to perform services requiring a license . . . with respect to commercial real estate in this state even though such foreign licensee is not licensed thereunder if . . . ." K.S.A. 58-3077(b). Yet the requirement to provide a copy of the BCA is not included as a subsection of (b) but is established as a separate requirement in subsection (c). If the Legislature had wanted to include providing a copy of the BCA as a condition for the validity of a foreign licensee's services and entitlement to commission, the Legislature could have incorporated the requirement in the requirements of subsection (b)—i.e., subsection (b)(3)—rather than its own subsection (c). The decision to designate the filing requirements as a separate subsection may be indicative of the Legislature's intent to treat the requirement of providing a copy of the BCA to the Commission differently than the content requirements of subsection (b).

The mandatory nature of the language within K.S.A. 58-3077(c) supports Clareview's reading of the provision, but the provision does not designate which party to

22

the BCA bears the burden of providing a copy to the Commission nor the consequences of failing to do so. Arguably, a foreign licensee should not be denied a commission for its performance in obtaining the sale of commercial real estate because of negligence attributable to the supervising broker. While this interpretation of K.S.A. 58-3077(c) may seem to leave the provision without teeth, the reading is consistent with previous caselaw that indicates that violations of the Brokers' Act do not create private causes of action for enforcement, though a violation may support a claim of negligent misrepresentation. See *Mahler v. Keenan Real Estate, Inc.*, 255 Kan. 593, 599, 876 P.2d 609 (1994) (violation of Brokers' Act does not support independent private cause of action but may support a claim of negligent misrepresentation); *Brunett v. Albrecht*, 248 Kan. 634, 642, 810 P.2d 276 (1991) (no private right of action under Brokers' Act; Act protects general public and not intended to create a new right of action). Because filing the BCA is not clearly within the power of Swope Lees, we do not read K.S.A. 58-3077(c) to obviously invalidate a foreign licensee's ability to provide services under an otherwise lawfully executed BCA. So, the arbitrator's legal conclusion is not so out of bounds as to constitute ignoring some clearly established principle.

K.S.A. 58-3077 provides an exception to the general rule stated in K.S.A. 58-3038(a), which requires licensure at the time of service or contract for services. If the BCA had not been finalized before Swope Lees signed the brokerage agreement with Clareview, an argument could be made that Swope Lees did not meet the exception provided by K.S.A. 58-3077(b) to qualify as a licensed broker under K.S.A. 58-3038(a) at the time the brokerage agreement was executed. But this argument fails for lack of proof. As the party claiming error, Clareview bears the burden of designating a record that affirmatively establishes the error. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). The BCA is not included in the record on appeal, and the findings of the arbitrator and record do not identify the date on which the BCA was executed. In the absence of evidence to the contrary, we presume the arbitrator found the facts needed to support his decision. See *Hodges v. Walinga USA Inc.*, 317

23

Kan. 535, 544, 532 P.3d 440 (2023) (citing *Alexander v. Everhart*, 27 Kan. App. 2d 897, 900-01, 7 P.3d 1282 [2000]).

The clear legislative intent behind the UAA was to permit parties to avoid the expense and delay of court proceedings. *Neighbors Construction Co.*, 48 Kan. App. 2d at 44. Relitigating the award, therefore, would undermine this intent. Consequently, courts must extend great deference to the arbitrator's award. Errors of fact or law are insufficient to invalidate an award fairly made. "Nothing relating to the merits of the controversy in the award, even though incorrectly decided, is grounds for setting aside the award absent fraud, misconduct, or other valid objections." *Kopp v. Kopp*, 44 Kan. App. 2d 573, 577, 239 P.3d 878 (2010).

Any errors the arbitrator made in interpreting and applying K.S.A. 58-3077(b) and (c) cannot be attributed to fraud, misconduct, or "manifest disregard of the law." See *Moreland*, 44 Kan. App. 2d at 636. The arbitrator's decision rests upon a reasonable interpretation of the applicable statutes under the available facts presented to this court on this record. Crucially, facts which may have invalidated the arbitrator's award were not provided to us, and it is not our purview to make factual findings on appeal. Even if a court later determines the arbitrator's decision was a misapplication of the law, that judicial determination was not available at the time the arbitrator made his award. Accordingly, the award was not made in manifest disregard of the law. Clareview has failed to articulate a basis on which this court may legitimately vacate the award.

> C.     *The award does not require parties to commit a crime or otherwise violate a positive mandate of Kansas law.*

Because Clareview has not demonstrated that Swope Lees violated any provision of the Brokers' Act, its final argument regarding confirmation of an arbitration award that requires the parties to commit a crime or violate a positive mandate of the law also fails.

In *City of Coffeyville v. IBEW Local No. 1523*, 270 Kan. 322, 335, 14 P.3d 1 (2000), the Kansas Supreme Court, in discussing the limited nature of judicial review of an arbitration award, stated that an error of law in the arbitrator's decision is not grounds for setting it aside unless the "[e]rror of law . . . require[d] the parties to commit a crime or otherwise violate[s] a positive mandate of the law." K.S.A. 58-3065(a) defines as a misdemeanor any "[w]*illful* violation of any provision of this act or the brokerage relationships in real estate transactions." (Emphasis added.) Accordingly, Clareview reasons that the violation of K.S.A. 58-3077(c) constitutes a misdemeanor crime, rendering the district court's enforcement of the arbitration award void.

As discussed, K.S.A. 58-3077(c) does not identify which party to the BCA bears the responsibility to file the agreement with the Commission. If it is the supervising broker's responsibility, his or her error does not create criminal liability for Swope Lees unless the failure to file the agreement invalidates Swope Lees' status as a foreign licensee under the Brokers' Act. Regardless, no crime is committed absent a showing of *willful* violation. Clareview has not demonstrated that any failure to provide the BCA to the Commission was something other than negligence or that Swope Lees acted as a foreign licensee under K.S.A. 58-3038 knowing that it was not properly qualified to do so. As a result, any noncompliance with the Brokers' Act as shown in this case is insufficient to establish the commission of a crime.

Affirmed.